FLOURNOY, Plaintiff in Error, *vs.* WARDEN, Defendant in Error.

1. Proof of the execution of a deed by a person of the same name, is *prima facie* evidence of the identity of the grantor, even though it be shown that there are many other persons of the same name.

2. A deed must go to the jury when the party offering it makes out a *prima facie* case of execution. The court cannot hear counter evidence and exclude it from the jury.

*Error to Chariton Circuit Court.*

This was an action of ejectment begun in 1848, by Flournoy against Warden, for the south-east quarter of section 7, township 53, range 19, granted to John Smith, as bounty land for his services in the war of 1812 with Great Britain; and the question was, as to the identity of Smith, the plaintiff's grantor, with Smith, the patentee. On the trial before the court, without a jury, on the general issue, the plaintiff gave the following evidence of title:

1. A patent, dated May 5, 1819, from the United States to John Smith, a private in Boyle's corps of artillery, for the land in controversy.

2. A power of attorney from John Smith, of Franklin county, Ohio, dated September 14, 1846, to Thomas Pearce, authorizing him to sell and convey the land described in the patent. The power was attested by S. Shultz and J. W. Long. It was acknowledged before the subscribing witness, Shultz, who was a justice of the peace of Franklin county, Ohio, and the official character of the justice was certified by the clerk of the Court of Common Pleas of Franklin county, Ohio, under the seal of said court.

3. A deed dated May 5, 1848, executed by Thomas Pearce, under the above power of attorney, to the plaintiff, for the land in controversy. This deed was acknowledged before a justice of the peace of Chariton county, and both the deed and power of attorney were recorded in Chariton county.

The defendant then gave in evidence the deposition of Solomon Shultz and J. W. Long, the subscribing witnesses to the power of attorney, and also of Matthias Martin, a person long and extensively acquainted in Franklin county, and of others.

Solomon Shultz testified that he resided in Franklin county, Ohio, at the time the power of attorney bears date, and before and since, and that he was a justice of the peace of said county; that he never witnessed nor took the acknowledgment of the execution of any instrument of writing from Smith to Pearce, and never knew any person of the name of John Smith in Franklin county, where he has resided a great many years.

John W. Long testified that he resided in Franklin county, Ohio, at the time the power of attorney bears date, and before and since; that he never witnessed the execution of any instrument of writing from John Smith to Thomas Pearce, nor did he ever know any person by the name of John Smith, in Franklin county, where he had resided for many years.

The plaintiff then read, by way of rebutting evidence, the depositions of the same witnesses taken on his behalf, since the depositions above mentioned were taken on behalf of the defendant. Shultz testified that his signature to the certificate

of acknowledgment, and as subscribing witness of the power of attorney, was genuine; but he had no recollection of the transaction, nor did he know any John Smith, except a young man. Long testified that his signature to the power of attorney was genuine, though he had no recollection of the transaction. It was in evidence that the name of John Smith was more common than any other. Witnesses, long resident in Franklin county, Ohio, one a deputy sheriff, testified that they knew no John Smith, except one who was forty-five or fifty years of age, and who was never believed to have been in the war of 1812.

The plaintiff then asked the court to declare the law as follows:

1. The certificate of the justice is *prima facie* evidence that the deed was executed by the person bearing the name signed to said deed.

2. The deed being subscribed with the name of John Smith, and the certificate showing that John Smith did execute and acknowledge the deed, it is presumed in law that he was the person entitled to the land under the patent.

3. The proof of the witnesses, Long and Shultz, that their signatures to the deed are genuine, is sufficient to prove that the deed was executed as it purports.

4. The deed being acknowledged, and its execution proved, it devolves upon the defendant to show that the person who signed the deed is not the person named in the patent.

5. The possession of the original patent, and a deed from one of the same name, as patentee, with proof of the execution of the deed by the evidence of the acknowledgment, and proof of the handwriting of the subscribing witnesses, is evidence of the identity of the grantor with the patentee, and throws upon the defendant the necessity of proving that they are not the same persons.

The first and third of these were given, and the rest refused, to which an exception was taken. At the instance of the de-

fendant, the court gave the following instructions, to which the plaintiff excepted:

1. It is competent for the defendant to show that the plaintiff's grantor is not in fact the patentee of the land in controversy.

2. Although the plaintiff's grantor is of the same name with the patentee, yet it is necessary for the plaintiff in this case to give other proof of the identity of the plaintiff's grantor with the patentee beside the similarity of name.

There was a judgment for the defendant.

*Abell & Stringfellow*, for plaintiff in error. 1. The execution of the deed was proved not only by the certificate of acknowledgment, but by the testimony of the subscribing witnesses. The testimony of the subscribing witnesses that they had signed the deed, but had no recollection of the circumstances, instead of rebutting the effect of the acknowledgment, was, of itself, sufficient proof of the execution, even against the maker, on a plea directly denying the execution; much more in this case, when a mere trespasser objects to the admission of the deed. 8 Pick. 143, 150. 19 Wend. 437. 2. Identity of name is *prima facie* evidence of identity of person. 19 Wend. 437. 5 Cow. 237. 3 Mo. Rep. 227. 6 Peters, 632. 11 ib. 334. 14 ib. 322. 13 Johns. 523. It devolves upon the party objecting to a deed to rebut the presumption of identity of person arising from identity of name. The question of identity is one of fact, to be found by the jury under the direction of the court. 5 Cow. 237, 242. This presumption cannot be rebutted by evidence that there is another person of the same name. It must be shown that such other person executed the deed, or in this case was the patentee. 13 Johns. 523. 9 Cow. 140, 150. In this case, there was no evidence to rebut this presumption of identity.

*Leonard*, for defendant in error. 1. The evidence in relation to the identity of the plaintiff's grantor with the patentee would have been insufficient, in point of law, to have carried

the cause to a jury, had the trial been in that form ; and upon that principle, the court was more than justified in giving the defendant's and refusing the plaintiff's instructions. *Brown* v. *Kimball*, 25 Wend. 272. *Bulkely* v. *Butler*, 2 B. & C. 434. *Jones* v. *Jones*, 9 Mees. & Wels. 75. *Sewall* v. *Evans*, 4 Ad. & Ell. 625. *Middleton* v. *Sanford*, 4 Campb. 34. *Parkins* v. *Hawkshaw*, 2 Stark. Rep. 239, (3 E. C. L. R. 333.) 2. The circumstances in the present case had the effect at least of shifting the burthen of proof, and rendering some evidence of identity necessary besides the identity of name. 2 Greenleaf's Ev. 135, part iv, §158. 1 Phill. Ev. 474–5. *Roberts* v. *Wolfe*, 1 Dana's Rep. 155 ; and same authorities above cited. 3. The trial was by the court, without a jury, and the evidence being insufficient to warrant the court in finding the fact to be, that the plaintiff's grantor was the patentee, the judgment ought not to be reversed even if the court erred in relation to the burthen of proof.

SCOTT, Judge, delivered the opinion of the court.

1. The principle that the identity of the grantor in a deed shall be presumed from proof of the execution of the instrument by one of the same name, is founded on the experience of its correctness and its convenience. Laws are made for cases *quae frequentius accidunt,* and because they are not adapted to circumstances which may sometimes exist, they are not to give way and let a few exceptions form the rule. If the presumption of the identity of person from identity of name should be discarded, it is obvious that, in a great many cases, suitors would be put to unnecessary trouble in proving a fact, which, in most instances, would be as the law now presumes it to be.

From the view we take of the subject, we do not see the policy of qualifying the presumption of identity of person from identity of name, in the manner which has been contended for by the defendant. The question of identity is one

for the jury.   Our view of the subject is well expressed by
Judge Edwards, in the case of *Brown* v. *Kimball*, 25 Wend.
271.   "The proof of the execution of the instrument, the sus-
picious circumstances attending it, and the explanatory testi-
mony are all proper subjects to be submitted to the jury; and
because the party relying upon the validity of the instrument
is not able to introduce explanatory proof, or does not choose
to do so, after making the usual proof, he is not to be depriv-
ed of the benefit of the verdict of a jury.   He ought to be
permitted to submit his cause without such proof and seek a
verdict of the jury as to the validity of the instrument under
which he claims, if he chooses to do so.   If the rule contend-
ed for should prevail, whenever there was a material inter-
lineation or erasure in a written instrument, or other circum-
stances of suspicion, which could not be explained, it would be
in the power of the judge, and, in fine, it would be his duty to
pronounce such instrument void for want of such proof, and
withhold it from the consideration of the jury."   With a pa-
tent in his hand and a deed to the plaintiff, in the name of the
patentee, if the defendant had demurred to the evidence, would
the plaintiff be compelled to join in the demurrer, unless the
defendant admitted on record the execution of the deed by the
patentee; that is, whether there were any facts or circumstan-
ces given in evidence from which the jury might infer the fact
of execution, not that they conclusively must.   If there is no
proof of the execution of a bond, the court will not suffer it to
be read in evidence; but if there be any fact or circumstance,
tending to prove the execution, or from which the execution
might be presumed, then, like other presumptive evidence, it is
for the decision of the jury; for, if the bond is withdrawn
from the jury, the fact is taken from them, and the court de-
cides, not only on the truth, but on the strength of evidence,
and pronounces at once that there shall be no presumption of
facts from the proof of other facts.   The fact that the name
may be that of John Smith, may weaken the presumption, and
should have its weight; but we are of opinion, that it should

not overthrow it.   If the circumstance that there was another of the same name with the grantor should destroy the presumption, as a rule of evidence founded on the experience of the truth, its utility would be greatly impaired.

The rule which seems now to be established is, that proof of identity, either of the plaintiff or defendant, with one named in the contract, is never necessary in the first instance.   Producing the contract, bearing the same name with the party in the suit, is *prima facie* sufficient, and throws it upon the other party to produce evidence against the identity.   5 Cow. 237.   *Davis* v. *Kimball*, 19 Wend. 437.   This seems to be the doctrine as established in the United States.   Cow. & Hill's notes, 3 vol. 1301.   Judge Cowen remarks, that the case of *Roberts* v. *Wolfe*, 1 Dana, 155, is the only American case, it is believed, in which this has been denied.   Ib.   Although there is some contrariety of opinion in the English books, on this question, and able judges have differed in relation to it, yet it would seem, from one of the late cases, that the law is now established as above stated.   *Sewall* v. *Evans*, 45 E. C. L. C. 25.   We do not understand this last case as maintaining that the name, if that of John Smith, would overthrow the rule, but as weakening the presumption.   The other circumstance mentioned in that case, length of time since the name was signed, does not exist in that now before us.   The suit of *Brown* v. *Kimball*, 25 Wend. 259, in which it was held that the presumption of identity did not arise from similarity of name, where the deed, on its face, excites suspicion of fraud, was decided in the court of errors against the opinion of the chancellor and some able lawyers.

2. When there is any fact or circumstance tending to prove the authenticity of the instrument, from which it might be presumed, then the instrument is to be read to the jury, and the question, like other matters of fact, is for their decision, and when a *prima facie* case of execution has once been made, the court is not to allow the other party to produce counter proof before the instrument is read, and then assume

to take the question from the jury. 3 Cow. & Hill's notes, 1310. *Powell* v. *Adams*, 9 Mo. Rep. 766. As the plaintiff submitted to a non-suit, we cannot undertake to pronounce an opinion as to the sufficiency of the evidence to maintain his action. That power would hardly have been exercised had there been a finding by the court.

The other judges concurring, the judgment will be reversed and the cause remanded.