GITT, Plaintiff in Error, *vs.* WATSON, Defendant in Error.

1. A decree in conformity to the act regulating chancery practice, in a proceeding against unknown heirs, is effectual to pass the title of the heirs.

2. Under the new practice, a party is not required to file with his pleading all his documentary evidence, nor to set forth every link in his chain of title.

3. Identity of name is *prima facie* evidence of identity of person.

*Error to St. Louis Circuit Court.*

*Todd & Krum* and *Delafield,* for plaintiff in error.
*E. & B. Bates,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

This was an action in the nature of ejectment, brought by the plaintiff in error against the defendant, for a tract of land situated in St. Louis county. The tract in dispute was a New

Madrid location, in the name of Nathaniel Shaver or his legal representatives. The plaintiff claimed under conveyances from the heirs of Shaver. The defendant's title was a decree in chancery instituted against the unknown heirs of Nathaniel Shaver; Shaver transferred the certificate in his life-time to George Bollinger, from whom Beverly Allen derived title. Allen instituted the suit in which the decree was obtained.

1. There was no exception taken to the regularity of the decree by which the legal title of the heirs of Shaver passed to Allen. The decree was rendered in 1835, prior to the conveyances by the heirs of Shaver to the plaintiff. The decree, being in conformity to the provisions of the statute regulating the practice in chancery in proceedings against unknown heirs, passed the title of the heirs of Shaver to Allen. There was no interest, then, in them which they could convey to the plaintiff.

2. There is nothing in the objection, that the decree was not filed with the answer of the defendant. The thirteenth section of the code referred to, is found in article seven, which relates to the general rules of pleading. There is no rule of pleading which requires that all the documentary evidence on which a party relies to support the truth of his pleading, should be filed along with it. Is a plaintiff to file with his petition all the written evidence on which he relies, when he does not know that any or what facts may be controverted by his adversary? Such a practice would be burdensome, and extremely inconvenient. Occasions may arise during the progress of a trial for the use of such documents, which it is impossible to foresee. Shall they, then, be rejected as evidence, because they were not filed with the pleadings? Such a practice uselessly encumbers a record and greatly increases the expense of suitors. There can no evil grow out of a failure to file documentary evidence. With the enlarged discretion confided to the courts in granting new trials, if a party is surprised by the production of a paper, the corrective is at hand. It is not pretended that there

was any surprise in this case by the introduction of the record as evidence. There is no affidavit on the record in support of that fact, and if there is no surprise, there is no injury produced by a failure to file a paper. There are cases when the records, deeds or other writings on which a party relies, must be filed as directed by the statute. The blending of chancery and common law jurisdiction by the code, may have made this provision necessary, and papers must now be filed where it was heretofore requisite in common law or chancery proceedings.

The defendant in his answer avers, that he and those under whom he claims, had been in possession of the premises for more than twenty years, by a fair and honest title. This averment in the answer was sufficient to let in the decree as evidence. It cannot be necessary in the pleadings in an action to try titles, to set forth every link in the chain of title under which a party asserts his right or defends his possession. It may not be required of the defendant to prove his right, if he has denied the plaintiff's title, as was done in this case. Until the plaintiff has made out a case, which would entitle him to recover, the defendant is under no necessity of showing his title. His possession is good against one not proving a right to recover.

3. The instruction that the decree against the unknown heirs of Shaver was an effectual bar to the plaintiff's right to recover, was not erroneous. The decree was not impeached for irregularity; no objection was made to it. Both plaintiff and defendant claimed under Shaver. If there was a want of identity between the Shaver named by the defendant in deducing his title, with the Shaver who owned the certificate of location, the burden of proof was on the plaintiff. The names being identical, *prima facie* they are the same person, and it rests with the plaintiff to show that they are not the same. *Flournoy* v. *Warden*, 17 Mo. Rep.

Judge Ryland concurring, the judgment is affirmed. Judge Gamble did not sit in this cause.