## The State v. McGuire, *Appellant.*

**Evidence:** IDENTITY OF NAMES. Identity of name of witness with
that contained in a record of a conviction of an offence creates a
*prima facie* presumption of identity of person.

*Appeal from St. Louis Court of Appeals.*

Affirmed.

*R. W. Goode* for appellant.

*B. G. Boone,* Attorney General, for the state.

Norton, J.—The defendant was indicted and tried·
in the criminal court of the city of St. Louis for burg-
lary and larceny. He was convicted of the burglary
and acquitted of the larceny, and sentenced to three:
years imprisonment in the penitentiary. This judgment,
was on his appeal to the St. Louis court of appeals:
affirmed, from which he appeals to this court. Not be-
ing favored with a brief from counsel for defendant we

have examined the record for the discovery of reversible error, and find that it discloses no such error. The chief error assigned in the motion for new trial is the alleged admission of improper and the rejection of proper evidence. Defendant was introduced as a witness in his own behalf, and the state in rebuttal and for the purpose of impeachment offered the record of conviction of Michael McGuire in 1873 for grand larceny, and the judgment of the court assessing his punishment at two years imprisonment in the penitentiary; this was objected to on the ground that defendant was not otherwise identified as being the same person convicted. The objection was properly overruled on the authority of the cases of *State v. Moore,* 61 Mo. 276; *Gitt v. Watson,* 18 Mo. 274, and *Flournoy v. Warden,* 17 Mo. 435, in which it is held: That the names being identical, *prima facie* they are the same person, and it rests with plaintiff to show they are not the same. The court refused to allow defendant to offer in evidence the memorandum blotter of the central district police station of May 14, 1884, showing the arrest of one Michael McGuire for petit larceny, and his delivery to the sheriff of the city. We cannot conceive upon what grounds this evidence could have been admitted. It had nothing to do with the case except to prejudice the defendant.

It is also alleged that the court erred in refusing an instruction that under the evidence the jury could not convict the defendant of grand larceny. This instruction was properly refused. *State v. Wilson,* 86 Mo. 520. That the saloon which the indictment charged defendant with burglarizing was burglarized is established beyond question, and that defendant was one of the parties who burglarized it is also established, for the evidence shows that on the approach of the private watchman he ran out of the house, that the bolt of the door was broken off and the money drawer lying on the floor, that he

was pursued by the watchman and police till he was caught, the pursuing parties never losing sight of him till they caught him.

The instructions presented the law of the case fully and fairly to the jury and the evidence justified the verdict. Judgment affirmed. All concur.