## THE PEOPLE v. MATTHEW MURPHY.

*Liquor traffic—Local option law—Evidence—Druggist.*

1. A druggist who fails to comply with the requirements of the general law, by filing his bond with the county treasurer, is subject to prosecution under Act No. 207, Laws of 1889, commonly known as the "Local Option Law."
2. The Legislature has prescribed what shall constitute the evidence of the fact that the provisions of the local option law are in force in a particular county, namely, the record, or a certified transcript thereof, of the preamble and resolution of the board of supervisors of such county, required by section 13 of the act, and such fact is not sufficiently established by the introduction of a record from which said preamble is omitted.
3. While the fact that a prosecution for a violation of the liquor law is brought about by hiring a party to procure liquor for the purpose of such prosecution and the conviction of the respondent may be a circumstance affecting the credibility of the purchaser, who swears to the sale, it will not exonerate the respondent from liability for violating the law.

Exceptions before judgment from Van Buren. (Buck, J.) Argued June 29, 1892. Decided July 28, 1892.

Respondent was convicted of a violation of the local option law. Conviction set aside, and a new trial ordered. The facts are stated in the opinion.

*L. A. Tabor,* for respondent.

*A. A. Ellis,* Attorney General, and *Lincoln H. Titus,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted in the Van Buren circuit court on an information charging that he did on the 28th day of November, 1891—

"Then and there sell and furnish to one Myron C. Dolbie a certain quantity of spirituous and intoxicating

liquors, to wit, one-half pint of brandy, he, the said Matthew Murphy, not being a druggist or registered pharmacist selling such liquor under and in compliance with the restrictions and requirements imposed upon druggists and registered pharmacists by the general laws of the State of Michigan, but contrary to the provisions of a certain resolution adopted by the board of supervisors of the county of Van Buren, State of Michigan, on the 4th day of March, A. D. 1890, in pursuance of the provisions of Act No. 207 of the Public Acts of the State of Michigan for the year A. D. 1889; the aforesaid sale and furnishing of said spirituous and intoxicating liquors having then and there been made by the said Matthew Murphy in violation of and contrary to the provisions of said Act No. 207 of the Public Acts of the State of Michigan for the year A. D. 1889."

Act No. 207 is the "Local Option Law," so called, and the first question raised upon the record is whether a druggist who fails to comply with the requirements of the law, by filing his bond with the county treasurer, is subject to prosecution under this act. Section 1 of the act makes it unlawful for any person to sell spirituous or intoxicating liquors in any county where Act No. 207 is in force, and contains the following proviso:

"*Provided, however*, that the provisions of this section shall not apply to druggists or registered pharmacists, in selling any such liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of this State."

Section 2 provides that upon the adoption of such resolution prohibiting the manufacture and sale of liquors, as provided by the act, the provisions of the general laws relating to the liquor traffic—

" Shall be, and the same are hereby, declared suspended and superseded:   *   *   *   *Provided, however*, that all sales of liquors by druggists or registered pharmacists in such counties shall be under the restrictions and requirements imposed upon them by the general laws of this State."

It appears that the respondent is in fact a druggist, but it does not appear that he had filed his bond, as required by law, with the county treasurer. The respondent contends that the moment it appears that he is a druggist it appears that he is not amenable to the provisions of Act No. 207, and that he must be prosecuted, if at all, under the general statute, Act No. 313, Laws of 1887. We think, however, that this was not the purpose of the Legislature; that it was not the design to make one law for the saloon-keeper and another for the druggist, except in cases where the druggist has brought himself under the provisions of the general law, by having filed his bond with the county treasurer as required by law. The information in this case negatives that he is a druggist selling liquor under and in compliance with the restrictions and requirements imposed upon druggists and pharmacists by the general laws of the State, and, as druggists and pharmacists who are selling liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of the State are the only ones excepted from the provisions of section 1 of the act, it follows that an offense is charged against the respondent.

2. The circuit judge instructed the jury that Act No. 207 was in force in Van Buren county on the 28th day of November, 1891. The only evidence offered to show this, so far as the record discloses, was a resolution which, after stating that the board of supervisors were proceeding under the authority conferred upon them under the provisions of Act No. 207, proceeds as follows:

" It is hereby ordered that, on and after the 1st day of May, 1890, the manufacture, sale, keeping for sale, giving away, or furnishing any vinous, malt, brewed, fermented, spirituous, or intoxicating liquors  *  *  *  shall be and is prohibited within the limits of the said county of Van Buren."

The day when the resolution shall take effect follows the statement that it shall be unlawful for any person to sell, etc. It also contains the further statement that the provisions of the general law shall not be in force after said date. This is substantially all that the resolution contains, as it appears in the record. It is possible that in reading the resolution into the record the preamble was omitted, but of this we cannot take notice. Dealing with the resolution as we find it, it was not sufficient evidence to warrant the court in finding that Act No. 207 was in force in Van Buren county. Section 13 of the act provides:

"Such resolution shall be spread in full upon the journal of their proceedings, and shall set forth in a preamble the fact that an election submitting the proposition of prohibition, as aforesaid, was duly called and held in the county; that sufficient returns and statements of the votes cast in the several townships, wards, and election districts in the county have been made, as required by this act; that such statements have been canvassed by them, and the result thereof ascertained; that such result was in the affirmative of such proposition, giving the majority; and that the same has been so determined and declared by them."

Section 17 provides:

"Upon the trial for any violation of the provisions of section 1 of this act, it shall be competent to introduce the record, or a certified transcript thereof, of the preamble and resolution of the board of supervisors of such county, required by section 13 of this act, and such record and transcript shall be the evidence that the provisions of this act are in full force within such county."

And by section 14 it is provided that—

"The regularity of any proceedings prior to the adoption of such resolution by the board of supervisors shall not be open to question on the examination or trial of any person for a violation of any of the provisions of section 1 of this act."

It is contended by the prosecution that the court was authorized to take judicial notice that prohibition was in force in Van Buren county. Without passing upon the question of whether it would be competent for the Legislature to provide that the resolution or enactment of the board of supervisors be treated as a general law, of which courts may take judicial cognizance, it is sufficient to say that by the very clear provisions of the act in question the Legislature negatived any such purpose, but has prescribed what shall constitute the evidence of the fact that the provisions of the law are in force in a particular county.

3. Respondent's counsel requested the court to charge the jury that, if the prosecution was brought about by Dolbie being hired to procure the liquor for the purpose of prosecuting respondent and convicting him, the prosecution could not be sustained. It does not appear that any public officers were concerned in sending to the respondent for the liquor in question, and the request was properly refused. The fact that the liquor was purchased with a view to instituting prosecution based upon evidence of that sale was a circumstance which affected the credibility of the witness Dolbie, and undoubtedly, had the circuit judge been requested so to instruct the jury, he would have done it; but, even though Dolbie had been equally culpable with the respondent, this does not justify a violation of the law by him.

No other question is raised which is likely to arise upon another trial.

For the error pointed out the conviction will be set aside, and a new trial ordered.

The other Justices concurred.