PEOPLE *v.* EVERTS.

INTOXICATING LIQUORS—ILLEGAL SALE—HIRED WITNESSES—INSTRUCTIONS.

The fact that the witnesses to whom an unlawful sale of liquor was made purchased with a view to prosecute and obtain a reward for respondent's conviction is important only as it bears upon their credibility, and the court is therefore justified in refusing an instruction which simply denounces their conduct as scandalous and reprehensible.

Exceptions before judgment from Genesee; Wisner, J. Submitted February 4, 1897. Decided March 23, 1897.

William T. Everts was convicted of selling intoxicating liquors without having given a bond. Affirmed.

*Johnson & Stevens*, for appellant.

*George F. Brown*, Prosecuting Attorney, for the people.

MONTGOMERY, J. Respondent was charged with the offense of selling intoxicating liquor without having given the bond, as required by law. The testimony was furnished by two detectives, who had been promised a reward for the detection and conviction of persons engaged in the business in the village of Fenton. The respondent, among other requests, preferred the following:

"The encouragement of criminals to induce them to commit crime, in order to get up a prosecution against them, is scandalous and reprehensible."

All the other requests of respondent appear to have been given. The court did charge, at the request of respondent, that—

"The fact that it is claimed that liquor was purchased with a view to institute prosecution, based upon the evidence of Hanley and Green, is a circumstance which affects the credibility of said Hanley and Green, and you should scan their testimony more carefully than you otherwise would."

And, further:

"Under our laws, a person who induces another to commit a crime with knowledge that the same is about to be committed under such inducements as are held out by the person inducing the same, if the same would not have been committed except at the instigation and approval of such person, then the jury should look upon the person who admits that he caused the offense to be committed with disfavor."

We think these instructions were as favorable as the respondent was justified in asking, unless it can be said, as matter of law, that the fact that the parties to whom the liquor was sold were detectives is in and of itself a defense; and we think this is not the law. The case falls within *People* v. *Curtis*, 95 Mich. 212; *People* v.

*Murphy,* 93 Mich. 41; *People* v. *Rice,* 103 Mich. 351; *People* v. *Liphardt,* 105 Mich. 80.

Conviction affirmed.

The other Justices concurred.