## PEOPLE v. LALONDE.

1. CRIMINAL LAW—TRIAL—WITNESSES—JURY—SHERIFF—INTEREST OF OFFICER—TALESMEN.

   The sheriff whose name was indorsed upon an information as witness against respondent was not thereby disqualified to draw talesmen for the jury.

2. SAME—PUBLIC OFFICERS—INTOXICATING LIQUORS.

   Nor was it a ground of disqualification that he had detailed one of the deputies to investigate the sale of intoxicating liquors in the county, respondent being arrested as a result of the investigation.

3. EVIDENCE—CRIMINAL LAW — CERTIFIED COPY OF RECORD — INTERNAL REVENUE RECORD.

   A duly certified copy of the record of the internal revenue collector, showing that respondent had paid the tax and had received a receipt therefor, was admissible in evidence. 34 U. S. Stat. 387 (U. S. Comp. Stat. Supp. 1911, p. 942); 3 Comp. Laws, § 10169.

4. INTOXICATING LIQUORS—WITNESSES—CHARGE.

   The respondent was not entitled to have given a request that, because the deputy sheriff purchased liquors of respondent with a view to institute a prosecution, his credibility was affected and his testimony should be scanned more closely for that reason.

5. CRIMINAL LAW—REASONABLE DOUBT—CHARGE.

   Refusal of the court to define a reasonable doubt, except by instructing the jury that it is a doubt which is reasonable, was not reversible error.

Exceptions before sentence from Cheboygan; Shepherd, J. Submitted June 14, 1912. (Docket No. 138.) Decided July 11, 1912.

Frank Lalonde was convicted of engaging in the retail liquor trade without procuring a license. Affirmed.

*David H. Crowley,* Prosecuting Attorney, and *Franz C. Kuhn,* Attorney General, for the people.

*C. S. Reilley,* for respondent.

BIRD, J.   The respondent was informed against for being engaged in the business of selling spirituous and intoxicating liquors without having first paid the tax required by law.   His conviction followed, and the proceedings have been brought to this court for review.

The first assignment of error relates to the action of the trial court in permitting the sheriff to summon talesmen to complete the jury.   The respondent objected to the sheriff taking any part in the formation of the jury on the ground that his name was indorsed on the information as a witness for the people.   This question was decided adversely to respondent's contention by this court in *People* v. *Summers,* 115 Mich. 537 (73 N. W. 818).

But it is argued that the sheriff was an interested witness because he detailed one of his deputies living in another part of the county to come to Cheboygan and investigate the so-called " soft drink " places such as respondent kept, which investigation resulted in respondent's arrest.   In making the investigation, if the sheriff did nothing unlawful and nothing inconsistent with his official duty, we cannot presume that he had any such personal or private interest in the prosecution as would disqualify him from acting officially.

The following certificate of the internal revenue collector was received in evidence over the respondent's objection: ·

" OFFICE OF COLLECTOR OF INTERNAL REVENUE,
        " FIRST DIST. MICHIGAN.
                " DETROIT, Jan. 3rd, 1912.
        "I, M. J. McLeod, collector of internal revenue for the First District of Michigan, do hereby certify that the following is a true and compared copy of items on internal revenue record number 10, the said record being a record of special tax payers and registers required to be kept in

the office of the collector of internal revenue, and for the fiscal year ending June 30, 1912, and of the whole thereof, opposite the name of Frank Lalonde, of Cheboygan, Michigan:

```
" Name_____Frank Lalonde
  Business_____Retail Liquor Dealer
  Place_____ Cheboygan, Michigan
  Street Number_____400 Mackinaw Street
  From What Time_____July 1, 1911
  Date of Payment or Issue of Certificate__July 6, 1911
  Serial No. of Stamp _____104236
            [Seal]                "M. J. McLEOD."
```

It is said that this certificate was incompetent for the reason that there was no showing that the record itself could not have been produced; it being located in Detroit and within the jurisdiction of the court. The record which was certified by the internal revenue collector was one which he is required to keep by the laws of the United States. He is also required to furnish certified copies of the same to the prosecuting officers of any State, county, or municipality making application therefor. Section 3240, Rev. Stat. U. S., as amended by act of June 21, 1906, chap. 3509, 34 U. S. Stat. 387 (U. S. Comp. Stat. Supp. 1911, p. 942.)

The record itself would have been admissible on the question of the respondent's guilt (*People* v. *Moore*, 155 Mich. 107 [118 N. W. 742]), and we can see no reason why a certified copy of the record should not be admissible when certified in accordance with our statute for the admission of public records, where the removal of them from their usual place of custody would work an inconvenience to the public service. 3 Comp. Laws, § 10169. We think the trial court was not in error in admitting the certificate.

The trial court declined to charge the jury in accordance with the following request:

" The fact that it is claimed liquor was purchased with a view to institute prosecution based upon the evidence of Ormsby is a circumstance which affects the credibility of

Ormsby, and you should scan his testimony more carefully than you otherwise would."

Counsel for respondent insists that this was error, citing the following cases in support of his argument: *People* v. *Murphy*, 93 Mich. 41 (52 N. W. 1042); *People* v. *Curtis*, 95 Mich. 212 (54 N. W. 767); *People* v. *Rice*, 103 Mich. 350 (61 N. W. 540); *People* v. *Everts*, 112 Mich. 194 (70 N. W. 430). An examination of these cases will disclose that the parties interested in doing the work were detectives who were outside of and in no way connected with the official force of the county, and in some of the cases cited the work was done with a promise and expectation of a reward. The investigation was made in this case by one of the deputy sheriffs of the county whose duty it was, under the statute, to investigate and see that no unlawful sales of liquor were made, and there is no evidence that he was to receive anything more than his regular *per diem* fees, which, in any event, would be paid. We do not think the respondent was entitled to have the request given against one who, so far as the proof showed, was doing nothing inconsistent with his official duty.

The refusal of the trial court to give the respondent's request upon the law of reasonable doubt as framed by him is assigned as error. Upon this question the court said to the jury that—

"The people are bound to prove all these several elements, not by a preponderance of the evidence, not by testimony that weighs more heavily than the testimony of the defendant, as is the case in civil cases, but by testimony which is strong enough to convince you beyond a reasonable doubt. Some time ago I ceased endeavoring to explain to jurors what is meant by 'reasonable doubt.' It cannot be made any plainer than that. It is a doubt which is reasonable."

If we concede that the request as proffered was proper, it was not error for the trial court to refuse to give it as framed, if the question which it raised was substantially

171 MICH.—19.

covered by the charge given. *People* v. *Parsons*, 105 Mich. 177 (63 N. W. 69).

A further complaint is made in this connection that the court did not sufficiently explain to the jury the meaning of reasonable doubt. In *People* v. *Stubenvoll*, 62 Mich. 329 (28 N. W. 883), a similar complaint was made. In passing upon it, the court said:

" We do not think that the phrase ' reasonable doubt ' is of such unknown or uncommon signification that an exposition by a trial judge is called for. Language that is within the comprehension of persons of ordinary intelligence can seldom be made plainer by further definition or refining. All persons who possess the qualifications of jurors know that a ' doubt ' is a fluctuation or uncertainty of mind arising from defect of knowledge or of evidence, and that a doubt of the guilt of the accused, *honestly entertained,* is a ' reasonable doubt.' "

The instruction given by the court sufficiently covered the question of reasonable doubt, and he was in no error in refusing to further define it.

We have examined the other errors assigned, but see nothing in them calling for a new trial. The conviction is affirmed, and the trial court will proceed to judgment thereon.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR, J., did not sit.