## D. M. BLUNK v. STATE.

No. A-1800.  Opinion Filed October 25, 1913.

(135 Pac. 946.)

1. INTOXICATING LIQUORS—Prosecution—Evidence—Records of Internal Revenue Collector. A duly certified copy of the records of the office of Collector of Internal Revenue is admissible in proof of the payment by the defendant of the special tax required of liquor dealers by the United States.

2. **SAME—Conviction Sustained.** The evidence upon the trial of an information charging that the defendant did have possession of intoxicating liquors with the intention of violating provisions of the prohibition enforcement act reviewed, and **held** sufficient to sustain the verdict and judgment.

*Appeal from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

D. M. Blunk was convicted of violating the prohibition law, and appeals. Affirmed.

*Giddings & Giddings* and *J. T. Dortch,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of conviction upon an information charging the defendant with the crime of having intoxicating liquors in his possession unlawfully with the intent and purpose on the part of the said defendant to sell, barter, give away, and otherwise furnish. On the 14th of May, 1912, the court sentenced the defendant in accordance with the verdict of the jury to be confined in the county jail for a term of 60 days and that he pay a fine of $250 and the costs, and in default in the payment of the fine the defendant to stand further committed to said county jail until said fine is satisfied according to law.

Evidence was admitted on behalf of the state showing the certified copy of the records of Collector of Internal Revenue, district of Oklahoma, as follows:

"Name, Groves Liquor Co., D. M. Blunk, R. R. Grover. Business, retail liquor dealer. Place, Oklahoma, Okla. From what time, July, 1911. Amount of tax, $25. Date of payment or issue of certificate, July 5, 1911. Serial No. of stamp, 186027. Serial No. of certificate, 144. Street and number, 101 W. Reno. Transferred to 9½ S. Rob. St. 4—16—12. Transferred to 7 South Santa Fe street 9—14—11.

"Name, Groves Liquor Co., D. M. Blunk, R. R. Grover. Business, wholesale liquor dealer. Place, Oklahoma, Okla. From what time, July, 1911. Amount of tax, $100. Date of payment or issue of certificate, July 5, 1911. Serial No. of stamp, 1882. Serial No. of certificate, 145. Street and number, 101 W. Reno.

Transferred to 9½ S. Rob. St. 4—16—12. Transferred to 7 S. Santa Fe St. 9—14—11.

"Collector's Office, Oklahoma, Okla.

"I, George T. Knott, the undersigned, do hereby certify that I am the Collector of Internal Revenue for the district of Oklahoma, and the custodian of an alphabetical list of special taxpayers in said district of Oklahoma, such list being. contained in Record No. 10 of my office for the district of Oklahoma, and I do hereby certify that the above and foregoing is a true and correct copy of all the names and entries as they appear and are on said Record No. 10 for the district of Oklahoma. In witness whereof, I have hereunto set my hand and official seal. this 17th day of April, 1912, at the office of the Collector of Internal Revenue for the district of Oklahoma at Oklahoma, Oklahoma. Geo. T. Knott, Collector Internal Revenue, District of Oklahoma."

The defendant objected to this for the reason that it was not the best evidence, because it was hearsay, and for the further reason that no testimony had been introduced by the state showing that the defendant was a member of the Groves Liquor Company. This court has time and again held that a certi- fied copy of the records of the office of Collector of Internal Revenue is admissible in proof of the payment of the special tax required of liquor dealers by the United States.

The next assignment of error is that the court erred in permitting witness R. S. Roberts to testify, despite the objection of the defendant, to a conversation between one Cannon and Owens. This witness testified that he saw the defendant at No. 2 West Grand avenue on the 22d day of February, 1912, behind a cigar case. Witness was driving east on Grand avenue and saw Vic Owens with a barrel of beer on his wagon. Owens started to whip up and run around the corner of Santa Fe street and turn south and then he turned into the alley and stopped back of No. 2 West Grand avenue. Witness followed and stopped at the same place. Cannon, who was with witness, jumped over the fence and witness followed and found Owens and another boy with a barrel of beer in the pool hall; the defendant was in hearing distance and Cannon and Owens

were talking about an ordinary tone of voice. Further the evidence is:

"Well, you may state what was said? I said, 'Well, you have got it'; and Mr. Owens said that we would have to have a search warrant to get it out of the house; and I said, 'Very well, we will go and get one,' and told Cannon to go down to Maupin's court and get a search warrant, and that I would stay there and watch it. And Mr. Blunk then come back and said, 'Is that all you want, that beer?' and I said, 'Yes.' Then he said, 'Well, we will not have any argument about that, you may have it.' I got scared, for I had left my horse without hitching or throwing the weight out, and I went out of the house to see about my horse and see that it had not run off, and I went out at the front door, and when I came back both the front door and rear doors were locked."

Obviously there is no merit in the objection urged to the admissibility of this testimony.

Finally, it is insisted that the evidence is insufficient to sustain the judgment. There cannot be any serious ground for this claim. The questions in the case were for the jury, and we think the verdict is well supported by the evidence.

The judgment is therefore affirmed.

ARMSTRONG, P. J., concurs. FURMAN, J., absent, and not participating.