## STATE OF NORTH DAKOTA v. H. E. KILMER.

### (153 N. W. 1089.)

**Criminal prosecution — costs of — failure to pay — imprisonment for — Constitution.**

1. Section 10941, Compiled Laws of 1913, which authorizes imprisonment in case of the nonpayment of the costs of a criminal prosecution, does not violate either the Constitution of the state of North Dakota or that of the United States.

**District court — terms of — grand jury — informations — state's attorney — preliminary examinations — during terms — defendants — time for preparation.**

2. Section 10628, Compiled Laws of 1913, provides that during each term of the district court at which a grand jury has not been summoned, the state's attorney shall file informations against all persons accused of having committed a crime or public offense, and authorizes the filing of such an information and the trial of the defendant at such term, even though the preliminary examination was held during such term of the court, provided that a reasonable time and opportunity is afforded for the preparation of his defense.

**Information — names of witnesses — indorsed on — criminal prosecutions — other witnesses may be called by state — circumstances giving such right.**

3. A witness whose name is not indorsed on the information may be examined on behalf of the state in a criminal prosecution, where it is shown that the attorney for the defendant was given due notice of the state's intention to call such witness, and when prior to the filing of the information the prosecution, though it was aware that such witness had some knowledge of the occurrence, had no knowledge that his testimony would be in any way material to the issues.

**Liquor nuisance — maintaining at certain place — government permit — issued to defendant — for town in which nuisance was kept — admissible.**

4. Where one is accused of maintaining a liquor nuisance at a certain place,

proof of the issuance to such person of a government license for the sale of intoxicating liquors in the town and state where such nuisance is claimed to have been maintained is admissible even though the premises described in said license are different from those mentioned in the information, as such evidence tends to show that the defendant was in the business of selling intoxicating liquors.

**Identity of names — identity of persons — presumption — preliminary proof unnecessary.**

5. The presumption that identity of names indicates identity of persons will make admissible, in a trial for maintenance of a liquor nuisance, a government license for the sale of liquor issued to a person of the same name as the defendant, without preliminary proof of the identity of the person.

**Internal revenue collector — records of office — certified copy — liquor license — evidence — proof of records — certificate.**

6. A certified copy of the records in the office of the collector of internal revenue, relating to the issuance of a liquor license, is admissible in evidence in a prosecution for maintaining a liquor nuisance when properly proved, and such record is properly proved when there is attached thereto a certificate by the collector of internal revenue as to its correctness and authenticity.

**Internal revenue collector — records of — certified copy — statements in — as to facts shown by record itself — evidence.**

7. A statement in a certificate of the collector of internal revenue which is attached to a certified copy of the record of special taxpayers and registers of his district does not render the admission of such record reversible error because it states in substance that the record shows the issuance of United States special tax stamps to the defendant, when the record upon its face shows the same fact.

Opinion filed July 2, 1915. Rehearing denied September 15, 1915.

Appeal from the District Court of Burleigh County; *Nuessle,* J.

Prosecution for maintaining a liquor nuisance. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Mockler & Ullness,* for appellant.

A witness whose name is not indorsed on the information cannot be called and allowed to testify for the state, against a defendant on trial for crime, and over his objection, where it clearly appears that the prosecuting attorney knew of such witness before filing the information, and where only one day's notice of intention to call such witness was

given.    Comp. Laws 1913 § 10631; People v. Hall, 48 Mich. 482, 42
Am. Rep. 477, 12 N. W. 665, 4 Am. Crim. Rep. 357; State v. Frazer,
23 S. D. 304, 121 N. W. 790; State v. Matejousky, 22 S. D. 30, 115
N. W. 96; State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State
v. Pierce, 22 N. D. 358, 133 N. W. 991; State v. King, 9 S. D. 628,
70 N. W. 1046.

Identity of names does not necessarily identify persons.    Where a
person is on trial for the crime of keeping and maintaining a liquor
nuisance, the fact that a government license or permit was issued to
a person of the same name as that of the defendant, and such permit
is sought to be offered in evidence to prove its issue to defendant,
is no proof that the defendant is the same person as the one named in
the permit.    The identity of the defendant, and his personal relation
to the permit, must be established by competent proof.    Wedgwood's
Case, 8 Me. 75; Com. v. Briggs, 5 Pick. 429; Com. v. Norcross, 9
Mass. 492; Bogue v. Bigelow, 29 Vt. 179; Comp. Laws 1913, § 7920;
Sykes v. Beck, 12 N. D. 242, 96 N. W. 844; McGuire v. Sayward, 22
Me. 230; Doe ex dem. Foute v. McDonald, 27 Miss. 610; Martin v.
Anderson, 21 Ga. 301; Dillon v. Mattox, 21 Ga. 113; Jay v. East Liver-
more, 56 Me. 107.

A person may give away intoxicating liquor to another without being
guilty of any crime.    Comp. Laws 1913, § 10117; 23 Cyc. 181; State
v. Hall, 28 N. D. 649, 149 N. W. 970.

The evidence as to times and places should, if anything, make two
distinct offenses.    The jury was permitted to find the defendant guilty
of either of two crimes.    Comp. Laws 1913, § 10117; 23 Cyc. 177;
12 Cyc. 631; State v. Kruse, 19 N. D. 203, 124 N. W. 385; State v.
Dellaire, 4 N. D. 312, 60 N. W. 988; State v. Rozum, 8 N. D. 548,
80 N. W. 477; State v. Thoemke, 11 N. D. 386, 92 N. W. 480; State
v. Winbauer, 21 N. D. 161, 129 N. W. 97.

*H. J. Linde,* Attorney General, and *H. R. Berndt,* State's Attorney,
for respondent.

A term of court, within the meaning of the law, is a term actually
held, and not one that may be held.    Rev. Codes 1905, § 9791, Comp.
Laws 1913, § 10628; State v. Fleming, 20 N. D. 105, 126 N. W. 565.

A witness whose name is not indorsed on the information may be
called by the state, and may testify, where it appears that even though

such witness was known by the state's attorney to possess some knowledge concerning the case, yet the materiality of the testimony of such witness was not known to such attorney; and especially where the defendant is given ample notice of the fact that such witness will be called. State v. Pierce, 22 N. D. 358, 133 N. W. 991; State v. Albertson, 20 N. D. 512, 128 N. W. 1122.

To show that one accused of violating the local option law had a revenue license covering certain dates and places, the only evidence admissible is either the collector's book or a certified copy thereof, duly authenticated by him or his deputy. True copies of books of record in the collector's office are admissible. Goble v. State, 42 Tex. Crim. Rep. 501, 60 S. W. 966; Thurman v. State, 45 Tex. Crim. Rep. 569, 78 S. W. 937; State v. Sannerud, 38 Minn. 229, 36 N. W. 447; State v. Peterson, 38 Minn. 143, 36 N. W. 443; McKnight v. United States, 54 C. C. A. 358, 115 Fed. 972, 61 C. C. A. 112, 122 Fed. 926; Dillon v. Mattox, 21 Ga. 113; Doe ex dem. Foute v. McDonald, 27 Miss. 610.

Official documents in the departments of the United States government may be proved by certificate of the legal custodian thereof. Comp. Laws 1913, § 7919.

There was no showing that defendant kept intoxicating liquors at his dwelling house for the use of himself, his family, domestic servants, or invited guests. The instructions of the court clearly announced the law of the case upon the question of who is a "keeper of a common nuisance." State ex rel. Kelly v. Nelson, 13 N. D. 122, 99 N. W. 1077; State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Ekanger, 8 N. D. 559, 80 N. W. 482; Webster's Int. Dict. 1484; Hogue v. State, 93 Ark. 316, 124 S. W. 783, 130 S. W. 167; White v. State, 153 Ind. 689, 54 N. E. 763; Western Exp. Co. v. United States, 72 C. C. A. 516, 141 Fed. 28; State v. Flagstad, 25 S. D. 337, 126 N. W. 585.

Proof of a single unlawful sale within the building is sufficient to make out a place kept for that purpose, and therefore a nuisance. State v. Russell, 95 Iowa, 406, 64 N. W. 281.

BRUCE, J. This is an action in which the defendant and appellant was convicted of maintaining a common nuisance in the form of a place in which intoxicating liquors were sold, bartered, or given away as a beverage, and in which place persons were permitted to resort

for the purpose of drinking intoxicating liquors as a beverage, and in which place intoxicating liquors were kept for sale, barter, exchange, and delivery as a beverage.

The first assignment of error raises the proposition that the court erred in sentencing the defendant to pay the costs of the action and in default of such payment to stand committed for a certain time. There is no citation of authority, however, in support of this proposition, and we believe that none can be found. Section 10941 of the Compiled Laws of 1913, which is construed in State v. Fleming, 20 N. D. 105, 126 N. W. 565, expressly authorizes imprisonment in the case of nonpayment of the costs of a criminal prosecution, and we know of no constitutional provision that it contravenes. The courts, indeed, have everywhere held that imprisonment as an alternative for the payment of a fine is not an imprisonment for debt, and the same principles apply in the case of costs which are imposed as a part of a fine, and as a penalty for the transgression. Dixon v. State, 2 Tex. 481, 482; Bailey v. State, 87 Ala. 44, 6 So. 398; Morgan v. State, 47 Ala. 34; Re Boyd, 34 Kan. 570, 9 Pac. 240.

The second assignment of error is that "the court erred in assuming the jurisdiction of the case, for the reason that no proper preliminary examination had been terminated prior to the commencement of the term of court at which this case was tried." It is claimed that the preliminary hearing was held subsequently to the convening of the term of court, and that the information was filed in the district court during the term, and that such procedure was in violation of law. We cannot, however, so hold. There is no pretense that the defendant was not given full time and opportunity to prepare his defense, and the procedure appears to have been in conformity with, rather than in violation of, the constitutional provision that provides that "in criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial." See § 13, Constitution of North Dakota. Section 10628 of the Compiled Laws of 1913 provides that "during each term of the district court held in and for any county or judicial subdivision in this state at which a grand jury has not been summoned and impaneled, the state's attorney of the county or judicial subdivision, or other person appointed by the court, as provided by law, to prosecute a criminal action, shall file an information or infor-

mations as the circumstances may require, respectively, against all persons accused of having committed a crime or public offense within such county or judicial subdivision or triable therein." This section certainly seems to contemplate that informations can be filed during, as well as at the beginning of, the term where no grand jury is in session nor called.

The third specification of error states that "the court erred in permitting S. M. Ferris, whose name was not indorsed on the information, to become a witness and give testimony in this case, for the reason that it was known to the state that he was a material witness prior to the filing of the information." There is, however, no merit in this assignment. The state's attorney positively testified that though he had known that the witness had been present at the defendant's place of business on the night of the raid, yet he had no knowledge that the witness had been at any time anywhere else than in the rear part of the premises, guarding the same on the outside, or that he had overheard the conversations which he was afterwards called upon to testify to, and that this information came to him later and immediately before the trial It is also shown that the attorney for the defendant was given due notice of the state's intention to call this witness.

Section 9794, Rev. Codes 1905, being § 10631, Compiled Laws of 1913, provides that "said state's attorney or person appointed to prosecute shall subscribe his name to said information and indorse or otherwise exhibit thereon the names of all witnesses for the prosecution known to him to be such at the time of the filing of the same, but other witnesses may testify, in behalf of the prosecution, on the trial of said action, the same as if their names had been indorsed upon the information." In the case of State v. Pierce, 22 N. D. 358, 133 N. W. 991, we held that "witnesses whose names are not indorsed on the information may be examined by the state on the trial of a criminal case, when the prosecution had no knowledge of the witnesses or of their knowledge of anything material to the issues prior to the filing of the information, and in the absence of a showing that the defendant was prejudiced thereby." See also State v. Albertson, 20 N. D. 512, 128 N. W. 1122. We can see no prejudice in the case at bar.

The fourth assignment of error takes exception to the introduction in evidence of the plaintiff's exhibit "M," which was a certified copy

of the record of special taxpayers and registers in the office of the
collector of internal revenue for the states of North and South Dakota,
which was certified to by James Coffey, collector for such district, and
which record showed the payment by one H. E. Kilmer of 320 Fourth
street, North, Bismarck, North Dakota, of a government tax as a retail
malt-liquor dealer. The objection to this certificate was that it was
incompetent, irrelevant, and immaterial, that it had not been properly
identified; that it had not been properly authenticated as provided by
law; that there was no law in the state to receive it in evidence, it not
being a record of any office of the state of North Dakota, and that, if
it were admitted to be the record which it purported to be, it was only
a copy or memorandum not required by law to be kept, and that it
did not refer to the premises of this defendant on which the state
attempted to prove the maintenance of a common nuisance, the exhibit
showing that the plaintiff's place therein described was 320 Fourth
street North, which was not the property kept at the date alleged in
the information; and, further, that there is nothing to show how
long the license was in force, or that it was in force at the time of
the commission of the alleged offense; also, that the introduction of
such certificate would deprive the defendant of his constitutional right
to meet the witnesses face to face, and that it was not a document or
an authenticated copy of a document required by law to be kept, and
was not properly identified.

There is no merit in the objection that the certified record does
not describe the identical property nor for how long the license would
continue. The evidence was certainly competent to show that the
defendant was in the business of selling liquor in violation of the law
in the state of North Dakota, and to that extent the evidenec was com-
petent. Nor is there any merit in the contention that there was no
proof that the H. E. Kilmer therein described was the H. E. Kilmer
who was prosecuted. The presumption is that he was the same party.
"It is an inference of fact that identity of name indicates an identity
of person, and it has been held that the court itself will assume the
inference to be correct, in the absence of evidence to the contrary."
See 16 Cyc. 1055. People v. Rolfe, 61 Cal. 540; State v. Robinson,
39 Me. 150; State v. McGuire, 87 Mo. 642. And this presumption is
augmented where both the surnames and the given names are identical,

where an appropriate initial is written out in full, or where there is other indentification. See 16 Cyc. 1055, note 41. It is true that this presumption may, according to some authorities, be overcome by a conflicting presumption of law, and that the presumption of innocence is one of these presumptions. The cases which are cited by counsel, however, do not appear to be in accord with the weight of authority nor with sound reason. See State v. McGuire, 87 Mo. 642; State v. Kelsoe, 76 Mo. 505; Gitt v. Watson, 18 Mo. 274; Flournoy v. Warden, 17 Mo. 435; Hendricks v. State, 26 Ind. 493; People v. Rolfe, 61 Cal. 540; Com. v. Norcross, 9 Mass. 492; Bogue v. Bigelow, 29 Vt. 179. There, too, are other statements in the record, such as residence, which tend to prove the identity.

The conclusion of the supreme court of Missouri, that where the names are identical it rests with the defendant to prove that they are not the same, certainly meets with our approval, and is in accordance with sound public policy. In addition to that, we have ¶ 25 of § 7936, Compiled Laws of 1913, which enumerates identity of person from identity of name among the denominational or disputable presumptions. This provision is found in the California Code, and is the basis of the decision in the case of People v. Rolfe, 61 Cal. 540, and distinguishes the law in this state from that which may prevail in some other jurisdictions.

Nor is there any merit in the contention that the certified record was not properly identified or authenticated. It was made by James Coffey, collector of internal revenue, district of North and South Dakota. It bore the seal of such collector. The trial court took judicial notice of the signature and seal of the collector of internal revenue, and was authorized to do so under subdivisions 20 and 73 of § 7938 of the Compiled Laws of 1913. Subdivision 8 of § 7919 of the Compiled Laws of 1913 provides that "documents in the departments of the United States government (may be proved) by certificate of the legal custodian thereof." Section 7918 provides that an entry made by an officer or board of directors, or under the direction or in the presence of either, in the course of official duty, is prima facie evidence of the facts stated in such entry. Section 7917 of the Compiled Laws of 1913 provides that entries in public or other official books or records made in the performance of his duty by a public officer of this state, or by an-

other person in the performance of a duty specially enjoined by law, are prima facie evidence of the facts stated therein.

Nor is there any merit in the objection that the certified copy of the record was incompetent and irrelevant. Section 3238 of the United States Revised Statutes, Comp. Stat. 1913, § 5961, provides that "all special taxes imposed by law shall be paid by stamps denoting the tax." Section 3239 provides that "every person engaged in any business, avocation or employment who is thereby made liable to a special tax, except tobacco peddlers, shall place and keep conspicuously in his establishment or place of business all stamps denoting the payment of said special tax." Section 3240, United States Revised Statutes, provides that "each collector of internal revenue shall, under regulations of the Commissioner of Internal Revenue, place and keep conspicuously in his office for public inspection an alphabetical list of the names of all persons who shall have paid special taxes within his district and shall state thereon the time, place and business for which such special taxes have been paid." Section 10128, Compiled Laws of 1913, provides among other things that in actions or proceedings for the abatement of nuisances and "in all cases  .  .  .  the fact that any person engaged in any kind of business, has or keeps posted in or about his place of business a receipt or stamp showing payment of the special tax levied under the laws of the United States upon the business of selling distilled, malt or fermented liquors, or the *holding of a license* from the government of the United States in the name of any person, persons or corporation to sell intoxicating liquor shall be held and deemed prima facie evidence against such person, persons or corporation that he or they or it are keeping for sale and selling intoxicating liquors contrary to law."

There can be no doubt that the records of the collector of internal revenue are public records and are directed to be kept by the Federal Statutes. In the case of Miller v. Northern P. R. Co. 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215, we held that a public record kept pursuant to the law of a sister state, when properly proved, is admissible in evidence in the courts of this state as prima facie proof of the facts therein recorded. If this is true of the records of a sister state it must be true of the records of the United States. It has been held in our sister state of South Dakota that the records of a postoffice are records kept

by a person in a public office, and this under the provisions of § 7917, Compiled Laws of 1913, which was enacted in territorial days and is common to both states, and provides that "entries in public or other official books or records make in the performance of his duty by a public officer of this state or by another person in the performance of a duty specially enjoined by law are prima facie evidence of the facts stated therein." It is quite clear from the statutes that the government receipt or license and the certified record are competent evidence. "Inasmuch," says the court in the case of McKnight v. United States, 61 C. C. A. 112, 122 Fed. 926, in referring to 54 C. C. A. 358, 115 Fed. 972, "as a defendant could not be compelled to produce any such criminating document, we held that neither notice nor demand to produce same was necessary, but that secondary evidence might be made in respect of any document which the evidence should show in the possession or under the control of the defendant." "It is said," says the supreme court of Michigan, in People v. Lalonde, 171 Mich. 286, 137 N. W. 74, "that this certificate was incompetent for the reason that there was no showing that the record itself could not have been produced; it being located in Detroit and within the jurisdiction of the court. The record which was certified by the internal revenue collector was one which he is required to keep by the laws of the United States. He is also required to furnish certified copies of the same to the prosecuting officers of any state, county, or municipality making application therefor. Section 3240, U. S. Rev. Stat., as amended by act of June 21, 1906, chap. 3509, 34 Stat. at L. 387, Comp. Stat. 1913, § 5963. The record itself would have been admissible on the question of the respondent's guilt (People v. Moore, 155 Mich. 107, 118 N. W. 742), and we can see no reason why a certified copy of the record should not be admissible when certified in accordance with our statute for the admission of public records, where the removal of them from their usual place of custody would work an inconvenience to the public service. Comp. Laws 1897, § 10169. We think the trial court was not in error in admitting the certificate." There can be no doubt, indeed, of the competency, relevancy, and materiality of the certified record. See also 23 Cyc. (c) 255 and notes 71 and 72; Daniel v. State, 11 Ga. App. 799, 76 S. E. 162; Hargrove v. State, 8 Okla. Crim. Rep. 487, 129 Pac. 74; Blunk v. State, 10 Okla. Crim. Rep.

203, 135 Pac. 946; State v. Shufeldt, 86 Kan. 975, 122 Pac. 895; Huckabee v. State, 7 Ga. App. 677, 67 S. E. 837; Anderson v. Com. 143 Ky. 87, 136 S. W. 134; State v. Donato, 127 La. 393, 53 So. 662; Strange v. State, 5 Ala. App. 164, 59 So. 691; Columbo v. State, 65 Tex. Crim. Rep. 608, 145 S. W. 910.

Nor is there any merit in the contention that the certified record does not state for how long the license was in force, or that it was in force at the time of the commission of the alleged offense. Section 3237 of the United States Revised Statutes, Comp. Stat. 1913, § 5960, provides that "all special taxes shall become due on the 1st day of July, 1891, and on the 1st day of July in each year thereafter or on commencing any trade or business on which such tax is imposed. In the former case the tax shall be reckoned for one year and in the latter case it shall be reckoned proportionally from the 1st day of the month in which the liability to a special tax commenced to the 1st day of July following." The courts of this state take judicial notice of the Federal Statutes. The information in the case at bar charged the defendant with maintaining a common nuisance "on the 11th day of April, 1914, and continuously from then to and including the 11th day of October, 1914." There is in the record positive testimony of the illegal sale of liquor by the defendant on the 4th day of June, 1914, and prior to the expiration of the year from the issuing of the license. No objection, therefore, can be taken to the certified record, on the ground that there is no showing that the same was in force at the time of the commission of the offense complained of.

Nor is there any merit in the objection to the certificate of the collector of internal revenues, James Coffey. The objection to the certificate is that it states that it shows "the issuance of United States special tax stamps, issued by this office during the year 1913 to the person foregoing named." This statement, it is claimed, amounts to nothing more nor less than testimony which is given by James Coffey, and which is not subject to cross-examination. The record, however, as we have before said, was admissible. It reads as follows:

"Record of Special Taxpayers and Registers, District of No. and So. Dakota. Name, Kilmer, H. E., Business, Retail Malt Liquor Dealer. Place, Bismarck, N. D. Street and number, 320–4th Street North. From what time, Oct. 1–1913. Amount of Tax, $15. Date of pay-

ment or Issue of Certificate, Oct. 27, 1913. Serial No. of Stamp, 9936. Filing No. Form 11, 1624."

—and has attached to it the following certificate:

"I the undersigned duly appointed and qualified collector of internal revenue for the states of North and South Dakota do hereby certify that the above and foregoing is a true and accurate exemplification and copy of the public record now on file and remaining on file in my office at Aberdeen, in the state of South Dakota, showing the issuance of United States special tax stamps issued by this office during the year 1913 to the person foregoing named; that I have compared the same with the original public record aforesaid, and find the same to be a literal copy thereof. In testimony whereof I hereby attach my hand and seal this 27—day of January, 1914, at my office at Aberdeen, state of South Dakota. James Coffey,

"Collector of Internal Revenue,

"District of North & South Dakota (Seal)."

It will be seen from the body of this record, independently of the certificate, that a tax of $15 was paid for the business of retail malt liquor dealer by one H. E. Kilmer. The words in the certificate which are objected to proved no more, and are merely surplusage.

We are not unaware of the decision of this court in the case of State v. Gottlieb, 21 N. D. 179, 129 N. W. 460, and which at first glance may appear to announce a doctrine contrary to that herein held. In that case, however, there was no attempt to introduce in evidence a certified copy of the records of the office of the collector of internal revenue. The exhibit which was excluded consisted merely of a certified list of special taxpayers in Wells county, which was furnished by the collector of internal revenue to the county auditor of such county and filed by him. The record so sought to be proved was not the record of the office of the collector of internal revenue, but was a record of the office of the county auditor. This court held that there was no law making such a list or record a record in the auditor's office, and that the list was therefore inadmissible. It also held that it could not be introduced as an official certificate of the collector, as it did not "purport to be a certified copy of any official record in his office, but merely a certificate by him of the existence of certain facts as shown by his records." These

considerations do not appear in the case at bar. Here the exhibit is a certified copy of the records in the office of the collector of internal revenue, and is certified by the collector of internal revenue to be such.

The judgment of the District Court is affirmed.