## STATE v. PIERCE.

### (133 N. W. 991.)

**Criminal law — examination of witnesses whose names are not indorsed on information.**

Section 9794, Rev. Codes 1905, requires the names of witnesses for the prosecution, known by the state's attorney to be such at the time of filing the information, to be indorsed or otherwise exhibited thereon, but provided that other witnesses may testify in behalf of the prosecution the same as if their names had been indorsed on the information. *Held*, that witnesses whose names are not indorsed on the information may be examined by the state on the

Note.—In State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 677 N. W. 1052, it is held that it is the duty of the state's attorney to indorse upon an information at the time of filing the same the names of all witnesses for the state known to him at that time, and that ordinarily no witnesses should be permitted to testify for the state whose names are not so indorsed, unless it is clearly made to appear that such witnesses were not known to the state's attorney at the time of filing the information.

trial of a criminal case, when the prosecution had no knowledge of the witnesses or of their knowledge of anything material to the issues prior to the filing of the information, and in the absence of a showing that the defendant was prejudiced thereby.

Opinion filed December 18, 1911.

Appeal from District Court, Nelson county; *Templeton,* J.

T. E. Pierce was convicted of maintaining a common nuisance in violation of the prohibition law, and he appeals.

Affirmed.

*Frich & Kelly,* for appellant.

*Andrew Miller,* Attorney General, *Alfred Zuger,* and *C. L. Young,* Assistant Attorneys General, for the State.

SPALDING, Ch. J. The appellant was informed against on a charge of maintaining a common nuisance, in violation of the statute prohibiting the sale of intoxicating liquors in this state. Upon a verdict of guilty, judgment was pronounced. From this judgment he appeals.

The information charges the offense to have been committed in a building on lot 9, block 7, townsite of Lakota, in Nelson county, North Dakota. The names of a number of witnesses were indorsed on the information, but the names of one Johnson and one Rustebakke were not indorsed thereon. Upon the witness, Johnson, being sworn for the state, he was asked if he knew the place where the appellant was doing business during the time covered by the information, whereupon counsel for appellant objected to the examination of such witness or the introduction of any evidence from him, on the ground that his name was not indorsed on the information. Thereupon, on leave of court, the state's attorney stated that prior to the day of the commencement of the trial he had no knowledge of any facts which would lead him to believe that the witness named had any information which would be relevant, material, or competent as testimony in the case, and that he had that day discovered the possession by the witness of information competent, relevant, and material. The court then overruled the objection of appellant.

Again, when it became apparent, from the statement of the state's attorney, that he was going to attempt to prove by the witness Johnson,

who was the owner of the building in which the nuisance was alleged to have been maintained, and then prove, by the register of deeds, the description of the lot on which it stood, further objection was made, on the ground that the name of the witness was not indorsed on the information, and that the matter sought to be proved by him was a material issue in the case, and one as to which the state's attorney must have necessarily had information prior to the preparation and filing of the information. This objection was overruled, and exception was taken. Whereupon the witness testified, under objection to each question, that the building was owned by one Herne. Thereafter the witness Rustebakke was sworn for the state, and the same objection was interposed to the reception of any testimony from him, and similar explanation made by the state's attorney as in case of the witness Johnson. Rustebakke was the register of deeds, and the purpose of his testimony was to show the description of the lot on which the building described stood. The witness Rustebakke testified as to his holding the office of register of deeds, and identified certain books of record showing the title to the lot, on which the building in question stood, to be in one Herne, and that the same was lot 9, block 7.

The question before us is the ruling of the court in admitting the testimony of these two witnesses over objection and after the statement made by the state's attorney. Section 9794, Rev. Codes 1905, requires the state's attorney, or person appointed to prosecute, to subscribe his name to an information, and indorse or otherwise exhibit thereon the names of all witnesses for the prosecution known to him to be such at the time of the filing of the same; and concludes with the following paragraph: "But other witnesses may testify in behalf of the prosecution on the trial of said action, the same as if their names had been indorsed upon the information."

This court had under consideration, in State v. Albertson, 20 N. D. 512, 128 N. W. 1122, the identical question here presented, and it was therein held that the admission of the testimony of a witness not known to the prosecuting attorney to be competent to testify, and whose name was not indorsed on the information when filed, did not constitute reversible error. But appellant attempts to distinguish, on the ground that the state depended upon the two witnesses named in the case at bar for proof of a material element necessary to sustain the prosecution;

and that in other authorities cited, and particularly in the Albertson Case, the testimony of the witness to whom objection was made was only cumulative. The opinion in the Albertson Case may not disclose what the fact was with reference to this, but in fact the witness whose testimony was objected to on that prosecution was the witness on whom the state relied for proof of the place where the offense was committed. We see no reason for overruling that decision.

Aside, however, from the authority of the Albertson Case, we find that courts on somewhat similar statutes, but much more mandatory in terms than our own, seem to be more liberal in recent years than they were formerly in the admission of the testimony of witnesses, under similar circumstances, the disposition seeming to be to hold that it is not reversible error unless the discretion reposed in the trial court is abused. In other cases it seems to depend on whether the defendant was prejudiced by the admission of the testimony of such witnesses. If this were the rule in this state we should be compelled to hold that the appellant, in the case at bar, could not have been prejudiced by the action of the trial court. The trial was conducted in Lakota, the county seat of Nelson county, and the location of the nuisance was alleged to have been in Lakota. Lakota is a city which is duly platted, and the plats of all cities in this state are required to be on 'file in the office of the register of deeds. And had either of these witnesses incorrectly located the nuisance or misdescribed the lot or block, it is apparent to any intelligent mind that in a place of the size of Lakota any number of witnesses could have been produced within the space of a few moments, able to correct the error. We can imagine circumstances surrounding trials by reason of which a failure to indorse the names of witnesses might occasion great hardship to the defendant, but even then the trial court is permitted to use such a degree of good judgment and discretion as to secure to the accused party the opportunity for making a full and fair defense, and the question presented would doubtless be properly raised on an application for a delay or continuance of the case. However, it will be ample time to pass upon such questions when presented. They are only touched upon here by way of explanation and to show that a literal application of this permissive statute does not, of necessity, deprive a defendant of any rights. We construe State v. Kent (State v. Pancoast), 5 N. D. 516, 35 L.R.A.

.518, 67 N. W. 1052, as holding that the failure to indorse may be error, but that it must be prejudicial or it is not ground for reversal.

In Michigan and in South Dakota the state's attorney is required to indorse upon the information the names of witnesses then known to him, and is authorized to indorse the names of other witnesses at such time before the trial as the court may, by rule or otherwise, prescribe; but in our sister state it has been repeatedly held that one accused of a crime is not entitled, as a matter of right, to previous notice of all witnesses that may be called by the state, and that it is within the discretion of the trial court, and dependent upon the intentional withholding from the accused the names, and the state's knowledge thereof, to permit the state to use, on a prosecution for felony, witnesses whose names were not upon the indictment. See State v. Matejousky, 22 S. D. 30, 115 N. W. 96; State v. Cambron, 20 S. D. 282, 105 N. W. 241.

And in State v. Frazer, 23 S. D. 304, 121 N. W. 790, it is held that in a prosecution for assault one who objects to the testimony of a witness because not indorsed on the information must show that the witness was known to the state's attorney when the information was filed.

· For an interesting reference to the history of provisions of the kind found in the section to which reference has been made, see the opinion of Chief Justice Christiancy, in Hill v. People, 26 Mich. 496.

The judgment of the District Court is affirmed.