STATE of North Dakota, Plaintiff
and Appellee,

v.

Eugene JUNGLING, Defendant
and Appellant.

Cr. No. 930.

Supreme Court of North Dakota.

Nov. 15, 1983.

Michael S. McIntee, State's Atty., Towner, for plaintiff and appellee.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant; argued by Richard H. McGee II, Minot.

SAND, Justice.

The defendant, Eugene Jungling (Jungling), appealed his conviction for negligent homicide. Jungling was the driver of a car involved in a two-car collision that killed Margaret Reile (Reile).

Late in the afternoon of 20 August 1982 Jungling, a retired farmer from Garrison, North Dakota, drove to a Garrison bar to meet friends. Inside the bar Jungling met Eugene Engel (Engel), a Minnesota resident, who was in Garrison on business. Engel told Jungling that he needed a ride to Esmond, North Dakota, that evening and that he was willing to pay Jungling for the ride. Jungling accepted Engel's offer.

At approximately 8:45 p.m. on 20 August 1982 while Jungling was driving in a southeasterly direction on U.S. Highway 52 his vehicle struck Reile's vehicle in the rear at

an intersection [1] of Highway 52 and a county gravel road one mile west of Anamoose, North Dakota. Reile's vehicle caught fire and veered right into a ditch on the eastbound side of Highway 52. Reile's dead body was removed from her vehicle later. A blood alcohol test taken one hour after the accident indicated that Jungling's blood alcohol content was 0.23 percent.

A bus carrying a team of softball players was traveling northwest on Highway 52 and was about 200 yards southeast of the intersection when the collision occurred. Gordon Kvaale, the driver of the bus, testified that he observed Reile's vehicle for about fifteen seconds before the accident. Kvaale stated that Reile's vehicle was stopped with its left turn signal on and front tires turned to the left.

Kvaale's testimony was contradicted by Engel, who testified that Reile's vehicle backed out from the approach onto the highway into the path of Jungling's oncoming vehicle.

The defense attempted to substantiate Engel's testimony through Ron Wellner, a Minot mechanic. Wellner had examined the Reile vehicle's detent plate. Wellner explained that a detent plate is located in a vehicle's transmission gearshift and that it guides the gearshift through the various gears in a vehicle. Wellner stated that it was his opinion that Reile's vehicle was in reverse at the time of the collision. He also said that the faint skid marks left by Reile's vehicle were consistent with a vehicle being forced forward while in reverse gear.

After Wellner's testimony, the defense rested. The State then called Ed Samuelson, a member of a local rescue squad. Samuelson had removed Reile's body from her car. However, Samuelson was not listed as a witness on the information. Samuelson testified that he first moved the gearshift forward, then back, in order to remove Reile's body; but when he still could not remove the body, he then pushed the gearshift over toward the passenger's door and then removed the body.

After Samuelson's testimony, the State re-rested. The court adjourned that afternoon, 3 March 1983, following an in-chambers discussion of the jury instructions and the defendant's second motion for a directed verdict.

Before presenting closing arguments the next morning, the defendant made a motion to reopen his case in order to introduce two photographs of the gearshift in Reile's vehi-

1.

County gravel road

N

1 - Jungling vehicle
2 - Reile vehicle
3 - Bus

\* Only an approach to the field and not a continuation of the gravel road

Diagram not drawn to scale

cle. The defendant offered to prove through the photographs and the testimony of the person who took them that the gearshift could not have been moved as Samuelson claimed. Defense counsel stated that he did not introduce the photographs earlier because he did not know that Samuelson would testify that he had moved the gearshift.

After examining the photographs the court noted that they only gave the defendant a "toehold" for making the argument that the gearshift could not have been moved. The court concluded that they were of "very limited relevance for purposes of helping the jury understand what went on." The court stated that the photographs were subject to the interpretation that the gearshift could not have been moved, but that they did not clearly establish that fact.

The court noted that if the photographs and additional testimony were admitted the State should have an opportunity to present rebuttal testimony. When the court suggested that the State recall Samuelson for that purpose the State informed the court that he had left Towner, where the trial was being held, and had returned to his home in Minot. According to the State, Samuelson would not have been available to testify again until 17 March. The court further noted that its own schedule would not permit a reopening of the case for at least thirty days. Pursuant to Rule 403, North Dakota Rules of Evidence, the court balanced the probative value of the photographs against the prejudicial effect of a delay required to permit their introduction and denied the defendant's motion.

On appeal Jungling raised the following two issues: (1) whether or not the trial court erred when it permitted Samuelson to testify as a rebuttal witness when his name was not listed on the information; and (2) whether or not the trial court erred when it refused to reopen the case to permit the defendant to introduce the photographs and the testimony of the person who took them.

The rule governing which witnesses must be listed on a criminal information is Rule 7(g), North Dakota Rules of Criminal Procedure. It provides:

"When an indictment or information is filed, the names of all the witnesses on whose evidence the indictment or information was based shall be endorsed thereon before it is presented, and the prosecuting attorney shall endorse on the indictment or information, at such time as the court by rule or otherwise may prescribe, the names of such other witnesses as he purposes [proposes] to call. A failure so to endorse the said names shall not affect the validity or sufficiency of the indictment or information, but the court in which the indictment or information was filed, upon application of the defendant, shall direct the names of such witnesses to be endorsed. No continuance shall be allowed because of the failure to endorse any of the said names unless such applition was made at the earliest opportunity and then only if a continuance is necessary in the interests of justice."

This Rule, except for "prosecuting attorney," is the text of former NDCC § 29–11–57 and, therefore, case law thereunder is applicable.

In *State v. Manning,* 134 N.W.2d 91, 95 (N.D.1965), we said:

"... all that the law now requires is that the names of witnesses on whose evidence the information is based be endorsed on such information at the time it is filed. Such information may be based on the evidence of only one witness, and thus his name alone would have to be endorsed at the time of filing. If the defendant desires to have the names of other witnesses which the State may call, endorsed on the information, he may ... make application to the court and the court 'shall direct the names of such witnesses to be endorsed.' "

See also *State v. Kilmer,* 31 N.D. 442, 447, 153 N.W. 1089, 1091 (1915) (State may call witness not endorsed on information where defendant had notice of State's intent to call witness and where State had no knowledge witness' testimony would be material);

*State v. Pierce,* 22 N.D. 358, 133 N.W. 991 (1911) (State may call witness not endorsed on information where State had no knowledge witness' testimony would be material and defendant not prejudiced).

■ The record does not reflect that the defendant sought an order requiring the State to disclose either additional witnesses or rebuttal witnesses that it intended to call. Further, the defendant made no objection to Samuelson's testimony at trial. When an unlisted rebuttal witness is called to testify " . . . It [is] incumbent upon the appellant to raise a timely objection and thereby allow the trial court to specifically rule on the issue." *Lucas v. State,* 376 So.2d 1149, 1151 (Fla.1979). As a general rule, this Court will not review an assignment of error predicated upon wrongful admission of evidence unless a timely objection was made. *State v. Bragg,* 221 N.W.2d 793, 799 (N.D.1974).

■ The question of whether or not a rebuttal witness must be endorsed upon an information poses a potentially distinct issue. Basically, a rebuttal witness generally is not one whose evidence was or will be relied upon in chief to establish the indictment or information. The rebuttal witness, as the name implies, is to rebut evidence presented by the defendant. Accordingly, we decline to comment further upon this issue.

■ The defendant's second contention was that the trial court erred in denying his motion to reopen the case to allow him to introduce photographs of the gearshift in Reile's vehicle. The court's refusal to reopen the case was based in part upon the relevancy of the photographs. In so doing, the court relied upon Rule 403, NDREv. It provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The court determined that the photographs were relevant, and perhaps material.

However, the court concluded that they did not clearly determine whether or not the gearshift could have been moved. We have examined the photographs also and we agree that their probative value in this respect appears to be minimal.

It is not enough, however, to exclude evidence simply because it possesses little probative value. As a general rule, all relevant evidence is admissible. NDREv 402. Relevant evidence is "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." NDREv 401. We agree with the trial court's conclusion that the photographs did establish a basis for making an argument that the gearshift could not have been moved.

The court adjourned on the afternoon of 3 March 1983 after both sides had rested and the State had re-rested. Defense counsel made no mention of the photographs on 3 March. Defendant's motion to reopen the case to introduce the photographs was not made until the following morning, 4 March. By that time Samuelson was not immediately available to rebut the photographs.

The photographs were not newly discovered evidence. They were taken shortly after the accident, long before the trial began. Conceivably, the defendant's decision to delay their introduction was a matter of trial strategy. If the defendant believed that the photographs were critical to his case, they could have been introduced during his case in chief, regardless of Samuelson's testimony. Even with Samuelson's testimony, the defendant could have introduced the photographs before it rested its case on 3 March.

Because the photographs were not timely offered, a continuance in the case would have required at least a thirty-day delay in the proceedings. As a practical matter, this presented a difficult, if not an impossible situation, to prevent the jury from being exposed to probable prejudicial elements, including publicity, during a thirty-day delay. The harmful effects of a lengthy delay

could have been more prejudicial to the defendant than the court's refusal to admit the photographs.

In *Jones v. Boeing Co.,* 153 N.W.2d 897, 905 (N.D.1967), we said that evidence may be excluded where its probative value is not "commensurate with the time which would be required for its use . . . either because [it is] too remote . . . uncertain, or . . . conjectural." Considering the minimal probative value of the photographs, their untimely offering, and the potentially prejudicial effect of granting a continuance to permit their introduction, we are unable to conclude that the trial court erred in not admitting the photographs.

The decision of the trial court is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.