**Kelly GRIFFIN, Plaintiff,**

v.

**Forest KELLY, et al., Defendants,**

**and**

**American Standard Insurance Company of Wisconsin, Intervenor.**

**No. 94–1269–MLB.**

United States District Court,
D. Kansas.

April 26, 1995.

Gerald W. Scott, Wichita, KS, Robert D. Hudnall, Wilson, Fuqua & Hudnall, L.L.P., Dallas, TX, for Kelly Griffin.

Jordan E. Clay, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for American Standard Ins. Co. of Wisconsin.

Jay F. Fowler, Foulston & Siefkin, Wichita, KS, for Forest Kelly.

David A. Morris, Kenneth L. Weltz, Curfman, Harris, Rose, Weltz, Metzger & Smith, Wichita, KS, Richard L. Honeyman, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for Donald E. Woods, Jr.

## ORDER

REID, United States Magistrate Judge.

Plaintiff has filed two motions in response to this court's order of April 3, 1995. The first motion seeks clarification of this court's denial of plaintiff's Rule 11 motion (Doc. 59).

■ The court order of April 3, 1995, denied the Rule 11 motion for procedural deficiencies. The order did not address the substantive issues raised in the motion. Plaintiff argues that the motion should have never been filed, and seeks withdrawal of the motion. Contrary to the position of plaintiff, the ruling on the motion was not premature. The Rule 11 motion was filed on January 17, 1995. A response was filed on February 3, 1995. At no time from January 17, 1995 until April 3, 1995 (a period of 66 days) did plaintiff seek leave of court to withdraw the motion. The letter of plaintiff's counsel, dated January 27, 1995, indicated that plaintiff had filed the motion inadvertently, but the letter indicated that the motion would not be withdrawn unless the interpleader action was dropped. However, the motion should have been unconditionally withdrawn and not re-filed until the requirements of Rule 11 were complied with. The motion was pending and ripe, and the court properly ruled on it in due course.

The motion cannot be withdrawn at this time since it has already been properly ruled on by the court. However, the court has not addressed the substantive issues since the motion did not have attached a memorandum setting forth the substantive issues. Until a new Rule 11 motion is filed, the court will not indicate in advance how it will dispose of the motion.

IT IS THEREFORE ORDERED that the motion to withdraw the Rule 11 motion of January 17, 1995 (Doc. 59) is denied.

■ The second motion before the court is plaintiff's motion to reconsider the order quashing the deposition of Jordan Clay and granting the protective order (Doc. 58). At this time, the court will not set aside its order. First, plaintiff should have responded to the motion, informing the court that it was not seeking to depose counsel at that time based on the representations of defendants in their motion. Under the local rules, when a party does not respond to the motion, it shall be deemed uncontested. Second, while the court is not precluding a renewed motion to depose counsel, plaintiff is directed to wait until it is clear that: 1) the issues of good faith and diligence are before the court in this case, 2) plaintiff has made every effort to obtain the information sought by all other available means, as fully set forth in *Kelling v. Bridgestone/Firestone, Inc.*, 153 F.R.D. 170, 171 (D.Kan.1994). While the protective order will remain in place at this time, it should be understood that the raising of certain issues by the intervenor could result in the modification of that protective order. However, counsel for all parties need to confer and clarify among themselves what issues are before the court in this case for resolution.

IT IS THEREFORE ORDERED that the motion to reconsider (Doc. 58) is denied at this time.