2017 ND 209

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Steven Jon NEWARK Jr., Defendant and Appellant**

No. 20160360

Supreme Court of North Dakota.

Filed 8/29/2017

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Theodore T. Sandberg, Grand Forks, ND, for defendant and appellant; submitted on brief.

Kapsner, Surrogate Judge.

[¶ 1] Steven Newark, Jr. appeals from a judgment entered after a jury found him guilty of burglary, terrorizing, and criminal mischief. We conclude the district court did not abuse its discretion in denying Newark's motion for a continuance or a dismissal. We further conclude the court did not abuse its discretion in allowing the State to call a police officer to testify in rebuttal and in delaying its ruling whether other officers would be allowed to testify in rebuttal. We affirm.

I

[¶ 2] In February 2016, the State charged Newark with burglary, terroriz-

ing, and criminal mischief, alleging that he willfully entered the residence of two females at night by kicking in the front door and a bedroom door, that he threatened the females with a wine bottle, and that he caused property damage to the residence of at least $100. In May 2016, the district court granted the State's motion for a continuance of a jury trial. The court granted the State's motion to amend the information to correct the time of the alleged offenses and to add witnesses to the information. Newark filed a notice of alibi. On July 7, 2016, the State filed its witness list, including three officers from the Grand Forks police department.

[¶ 3] A jury trial was held from July 12 to 14, 2016. At trial after the jury had been selected and sworn, the State notified the district court and defense counsel that none of the police officers listed on its witness list would be testifying. The State claimed that the officers had ignored the State's attempts to contact them and that the officers were deemed to have ignored their subpoenas. Newark moved for a dismissal with prejudice or a continuance, asserting the State's actions and omissions had materially prejudiced him after the jury had been sworn. The court denied his motion, ruling Newark could have subpoenaed the officers and could still subpoena them and call them as hostile witnesses.

[¶ 4] The jury trial proceeded. After calling the two female occupants of the residence in its case-in-chief, the State rested. Both occupants identified Newark in the courtroom as the perpetrator who broke into their apartment and threatened them. Newark called his girlfriend as a witness as part of his alibi defense, and she testified he was with her all night at various restaurants. Newark also testified he was at various restaurants on the night of the alleged offenses. After the defense rested, the State called one of the police officers

initially listed on the State's witness list as a rebuttal witness. The court allowed the officer to testify and deferred ruling on whether the other officers would be allowed to testify in rebuttal. After the first officer testified, however, the State withdrew its request to call the other officers, and the State rested. The jury thereafter found Newark guilty on all three counts, and a criminal judgment was entered.

## II

[¶ 5] Newark argues he was materially prejudiced by the State's failure to call any of the police officers as witnesses in its case-in-chief. He argues the district court abused its discretion in denying his request for a continuance or a dismissal.

[¶ 6] We have said that "[t]he proper remedy for unfair surprise is a continuance, but one must be requested." *State v. Muhle*, 2007 ND 131, ¶ 20, 737 N.W.2d 636 (quotation marks omitted); *see also State v. VanNatta*, 506 N.W.2d 63, 69–70 (N.D. 1993); *State v. Kunkel*, 452 N.W.2d 337, 339 (N.D. 1990). The district court's decision whether to grant a continuance will not be set aside on appeal absent an abuse of discretion. *Kunkel*, at 339. In reviewing a court's decision on a motion for continuance, we "must look to the particular facts and circumstances of each case as there is no mechanical test for determining whether or not a trial court abused its discretion." *Id.* We also review a district court's decision whether to grant a mistrial for an abuse of discretion. *Muhle*, at ¶ 22. A district court abuses its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Id.*

[¶ 7] We have explained that "[t]he State is not required to call as its witness every-

one whose name is endorsed on the information." *State v. Ave,* 74 N.D. 216, 218, 21 N.W.2d 352, 353 (1946). We have also said that "if a witness does not show up for trial, a party asserting the deprivation of the right to examine that witness may not rely on the fact that the opposing party subpoenaed the witness." *Great Plains Supply Co. v. Erickson,* 398 N.W.2d 732, 734 (N.D. 1986).

[¶ 8] Newark argues he relied on the State's subpoenas of the police officers, the witnesses identified in the criminal information, and the specific witness list filed by the State. He complains it was only after the jury was sworn that the State notified the district court and defense counsel that the officers would not appear and testify in the State's case-in-chief. He contends the State's late notification establishes its intent to omit information because other pretrial matters had been discussed before the jury was sworn. He also asserts the officer who testified in rebuttal "opportunely" became available at the end of trial. He claims this case is similar to *Kunkel* and argues the district court did not act reasonably based on the "flagrant disregard of the trial process by both police officers and prosecution." He claims he was prevented from eliciting "possible" favorable or impeachable testimony through cross-examination and the State's failure to call the officers in its case-in-chief subjected him to trial by surprise and materially prejudiced him.

[¶ 9] The State responds, however, that N.D.C.C. § 29-19-06 requires an applicant for a continuance to use due diligence in securing a witness's presence. The State relies on *Flattum–Riemers v. Peters–Riemers,* 2001 ND 121, ¶ 15, 630 N.W.2d 71, which states:

[D]enial of a continuance because of . . . a material witness['s absence] is proper when the moving party does not show what the witness would testify to if present or that the facts desired cannot be proven by other available witnesses, and when there is no showing of diligence to secure the testimony of the witness by deposition or personal appearance at trial.

The party asserting the district court abused its discretion in denying a motion to continue must establish prejudice. *Id.*

[¶ 10] The State asserts Newark did not attempt to secure the officers as witnesses and his only "due diligence" was relying on the State to secure the presence of all the witnesses endorsed on the State's witness list. The State claims *Kunkel,* 452 N.W.2d at 339–40, is distinguishable because in this case the police officers were not material and never changed their testimony. The State asserts Newark could have called the officers to testify and cross-examined them as hostile witnesses but did not. The State argues the officers' testimony would have been cumulative and immaterial.

[¶ 11] Here, the timing of the State's disclosure about the officers is troubling. We do not condone "game-playing" by the State to gain an advantage at trial by engaging in last-minute disclosures on decisions whether to call witnesses identified in a criminal information and witness list. Nevertheless, under our law the State is not required to call as witnesses all individuals endorsed on the information, and the district court was in the best position to rule on Newark's motion for either a continuance or a dismissal. Newark does not appear to have subpoenaed the officers to testify nor did he call them as hostile witnesses. While Newark contends he was prevented from eliciting "possible" favorable or impeachable testimony, he has not shown what that testimony would have been or how it would have changed the outcome of the case.

[¶ 12] We conclude Newark has not established that he was prejudiced by the State's conduct in this case. Because the district court's decision was not arbitrary, capricious, or unreasonable, we conclude the court did not abuse its discretion in denying Newark's request for a continuance or a dismissal.

### III

[¶ 13] Newark contends the district court abused its discretion in allowing the State to call one police officer in rebuttal and in delaying a ruling of whether the other endorsed police officers would be called in rebuttal.

[¶ 14] The district court has discretion "to control the introduction of evidence at trial." *VanNatta*, 506 N.W.2d at 70. We have held that a rebuttal witness does not have to be endorsed on an information. *State v. Jungling*, 340 N.W.2d 681, 683–84 (N.D. 1983); *see also State v. Halvorson*, 346 N.W.2d 704, 712 (N.D. 1984). "Basically, a rebuttal witness generally is not one whose evidence was or will be relied upon in chief to establish the indictment or information," *Jungling*, at 684. "The rebuttal witness, as the name implies, is to rebut evidence presented by the defendant." *Id.*

[¶ 15] Newark contends rebuttal evidence should explain, contradict, or refute evidence elicited by the defense. He claims that the officer's testimony was not offered to rebut anything and that the State used the rebuttal witness to unfairly prejudice Newark. The State responds that it complied with N.D.R.Crim.P. 7(g) and disclosed on the morning of trial that one police officer may testify in rebuttal. After the defense rested, the State called one officer to rebut Newark's testimony, particularly regarding his whereabouts on the evening of the offenses.

[¶ 16] The officer testified in rebuttal that he was asked to verify Newark's location at various establishments where Newark claimed to have been. Newark's trial counsel also cross-examined the officer regarding a bank account printout that Newark alleged established his payment to various establishments consistent with his testimony. The officer testified more specifically regarding those transactions on redirect examination. The State claims it properly used the officer's testimony to directly respond and contradict Newark's testimony regarding his location during the exact time of the offenses. Further, the State asserts it properly disclosed the officer as a witness as soon as he became involved in the case.

[¶ 17] Based on this record, we conclude Newark has not shown prejudice sufficient to establish the district court abused its discretion in allowing the officer's testimony in rebuttal. The officer's name had been disclosed on the information and witness list, and the officer's testimony rebutted and contradicted Newark's evidence about his alibi.

[¶ 18] We conclude the district court was in the best position to exercise its discretion whether to allow the officers' testimony. We therefore conclude the court did not abuse its discretion in allowing one officer to testify in rebuttal and in delaying its decision regarding the other officers until after the officer had testified.

### IV

[¶ 19] We have considered Newark's remaining arguments and conclude they are either without merit or unnecessary to our decision. The judgment is affirmed.

[¶ 20] Carol Ronning Kapsner, S.J.

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.

[¶ 21] The Honorable Jon J. Jensen was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Carol Ronning Kapsner, sitting.