# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 119

State of North Dakota,                                               Plaintiff and Appellee

     v.

Tara Lynn Soucy,                                                   Defendant and Appellant

## No. 20190329

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Tara Soucy appeals from a criminal judgment after a jury found her guilty of child neglect.  We conclude the district court did not abuse its discretion by declining to take judicial notice.  We affirm the conviction and remand to the court to correct the judgment to accurately reflect the statutory citation for child neglect.

I

[¶2]   In June 2019, Soucy was charged with two counts of class C felony child neglect.  Count 1 alleged on May 28, 2019, Soucy willfully failed to provide proper parental care or control of her children, when T.S. and A.S., who were under 3 years old, were found wandering away from home without any clothes on.  Count 2 alleged on May 29, 2019, Soucy willfully failed to provide proper parental care or control of her child, when T.S. was walking unattended on a busy thoroughfare.

[¶3]   A jury trial was held on October 22, 2019.  At trial the officer who responded to the incident on May 29, 2019, testified.  On cross-examination, Soucy attempted to bring in evidence of the conviction of the children's father, Avalino Lopez, on a related charge.  The jury found Soucy not guilty of child neglect for the May 28, 2019 incident as set forth in Count 1, and found her guilty of child neglect for the May 29, 2019 incident as set forth in Count 2.

II

[¶4]   On appeal, Soucy argues the district court erred by refusing to take judicial notice of a related conviction of the children's father.  On appeal, we review the court's decision to take judicial notice of evidence presented under an abuse of discretion standard. *Opp v. Matzke*, 1997 ND 32, ¶ 9, 559 N.W.2d 837.  "A district court abuses its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if

it misinterprets or misapplies the law." *State v. Newark*, 2017 ND 209, ¶ 6, 900 N.W.2d 807.

[¶5]   Judicial notice is governed by N.D.R.Ev. 201, which states:

 (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
(b) Kinds of Facts That May Be Judicially Noticed.  The court may judicially notice a fact that is not subject to reasonable dispute because it:
        (1) is generally known within the trial court's territorial jurisdiction; or
        (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice.  The court:
        (1) may take judicial notice on its own; or
        (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
(d) Timing.  The court may take judicial notice at any stage of the proceeding.

[¶6]   At trial, counsel elicited testimony and attempted to introduce evidence of a related conviction of the children's father:

Q.  And Mr. Lopez was charged with child neglect in relation to this incident; is that correct?
A.  It is.
Q.  And do you know if he plead guilty to that charge?
A.  I believe he—it was dropped down to a different charge.
Q.  Are you aware what that charge was?
THE COURT:  It's okay if you're not able to answer the questions. If you just don't know, that's fine.
THE WITNESS: I'm drawing a blank right now.  I can't remember.
[COUNSEL]:  May I approach, Your Honor?
THE COURT:  No.  This isn't probably the way you'd get that evidence in.
[COUNSEL]:  Can you take judicial notice?
THE COURT:  Not at this point.  You may present that evidence in some way that you figure out later but not at this point, no.
[COUNSEL]:  Sure.  All right.

2

[¶7]   A district court has discretion to take judicial notice of a fact that is not subject to reasonable dispute under N.D.R.Ev. 201(b), if the evidence meets the criteria set forth in Rule 201(b)(1) or (2).  Under N.D.R.Ev. 201(c)(2), a court must take notice if a party requests it and supplies the court with the necessary information.  Under N.D.R.Ev. 201(d), the court may take notice at any stage of the proceeding.  Even assuming the defense attorney's question "[c]an you take judicial notice?" was an adequate request to take judicial notice, the defense did not offer the evidence or present the court with any further information about the charge.  The court did not refuse to take judicial notice, rather, the court stated the evidence may be presented at a later point.  No further request to take judicial notice of the conviction was made during trial.  A court has broad discretion when deciding evidentiary matters.  *Davis v. Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118.  The court here was not provided with the necessary information mandating the taking of judicial notice under N.D.R.Ev. 201(c).  The court did not abuse its discretion by declining to take judicial notice under the facts of this case.

### III

[¶8]   While not an issue raised on appeal we note the criminal judgment reflects that Soucy was convicted of child neglect or abuse under N.D.C.C. § 14-09-22.  The charging documents, while charging Soucy with neglect of a child, also cite to N.D.C.C. § 14-09-22.  In 2015, the legislature separated the offenses of child abuse from neglect of a child, moving child neglect from N.D.C.C. §§ 14-09-22 to 14-09-22.1.  2015 N.D. Sess. Laws ch. 127, § 3.  Soucy was convicted of child neglect, not child abuse.  Rule 36, N.D.R.Crim.P., provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  It

appears the statutory reference is a clerical error which was an oversight by the district court. We affirm the conviction and remand to allow the court to correct the judgment and any other clerical error in the record reflecting the incorrect statutory citation.

[¶9]   Lisa Fair McEvers
Gerald W. VandeWalle
Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen, C.J.