# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 102

State of North Dakota,                                    Plaintiff and Appellant

v.

Antoinette Rose Rodriguez,                          Defendant and Appellee

## No. 20210359

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Nicholas S. Samuelson (argued) and SheraLynn Ternes (on brief), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellant.

Leah R. Carlson, West Fargo, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   The State appeals from an order dismissing a criminal child neglect charge against Antoinette Rodriguez. The State argues Rodriguez had sufficient notice of the charge against her, and the district court erred when it dismissed the amended information against Rodriguez. We affirm, concluding the court did not abuse its discretion by dismissing the amended information.

I

[¶2]   In November 2021, the State filed an amended information charging Rodriguez with child neglect, a class C felony. The State alleged that from January 1, 2020 to January 27, 2021, Rodriguez failed to provide proper parental care necessary for a child's physical, mental or emotional health. Rodriguez moved to dismiss the charge, claiming the amended information was insufficient to advise her of the charge against her.

[¶3]   The district court granted Rodriguez's motion, concluding the amended information lacked the specificity to provide Rodriguez with adequate notice of the charge against her. The court concluded the amended information prejudiced Rodriguez's ability to prepare her defense or to protect herself against additional prosecution. The court dismissed the amended information without prejudice.

II

[¶4]   The State argues the district court abused its discretion by dismissing the amended information. Rodriguez claims the court properly dismissed the charge.

A

[¶5] The right to appeal is jurisdictional, and we will consider the appealability of an order sua sponte even if the parties do not question appealability. *Everett v. State*, 2017 ND 93, ¶ 6, 892 N.W.2d 898. "The State's

right to appeal must be expressly granted by statute." *State v. Brown*, 2021 ND 226, ¶ 5, 967 N.W.2d 797 (quoting *State v. Mitchell*, 2021 ND 93, ¶ 5, 960 N.W.2d 788). In a criminal case the State is authorized to appeal from "[a]n order quashing an information or indictment or any count thereof." N.D.C.C. § 29-28-07(1). "We have consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute." *State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575.

[¶6] The State's Jurisdictional Statement asserts the district court's order dismissing the amended information without prejudice is appealable under N.D.C.C. § 29-28-07(1). Rodriguez does not argue otherwise. In *Gwyther*, this Court first considered "whether an order dismissing a criminal information without prejudice is appealable" under N.D.C.C. § 29-28-07(1). 1999 ND 15, ¶ 9. We held, "Because the statute does not specifically limit appealability to an order quashing with prejudice, we conclude an order dismissing a complaint, information, indictment, or any count thereof, with or without prejudice, is appealable under N.D.C.C. § 29-28-07(1)." *Gwyther*, ¶ 11.

[¶7] The State appealed the district court's order rather than refiling the information within the statute of limitations. *See* N.D.C.C. § 29-04-02 (stating "a prosecution for any felony other than murder must be commenced within three years after its commission"). Under this Court's interpretation of N.D.C.C. § 29-28-07(1) in *Gwyther*, which nobody argues we should revisit, we have jurisdiction over the State's appeal.

B

[¶8] We review a district court's dismissal of a criminal information under an abuse of discretion standard. *Brown*, 2021 ND 226, ¶ 6. A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, if it misinterprets or misapplies the law or if its decision is not the product of a rational mental process leading to a reasoned determination. *State v. Newark*, 2017 ND 209, ¶ 6, 900 N.W.2d 807.

2

[¶9]   Under N.D.R.Crim.P. 7(c)(1), a criminal information "must name or otherwise identify the defendant, and must be a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged." The information also must provide a citation to the statute the defendant allegedly violated. *Id.*

[¶10] The State charged Rodriguez with child neglect under N.D.C.C. § 14-09-22.1(1). Under the statute a parent of a child is guilty of a class C felony if he or she "[f]ails to provide proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals."

[¶11] The State's amended information against Rodriguez provided in part:

> "[O]n or about [January 1, 2020 to January 27, 2021], the defendant, ANTOINETTE ROSE RODRIGUEZ, a parent, adult family or household member, guardian, or other custodian of any child, willfully failed to provide proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals."

[¶12] The amended criminal information identified Rodriguez as the defendant and recited the language of N.D.C.C. § 14-09-22.1(1). In granting Rodriguez's motion to dismiss, the district court concluded the amended information lacked the specificity to provide Rodriguez with adequate notice of the charge against her. The court noted Rodriguez had more than one child, and the amended information failed to provide specifics as to which child she allegedly neglected.

[¶13] The State claims the district court erred in its analysis and the amended information was sufficient to put Rodriguez on notice of the charge against her. The State cites *State v. Montplaisir*, 2015 ND 237, ¶ 9, 869 N.W.2d 435 to support its argument that an information is sufficient if it sets forth the offense in the words of the statute.

3

[¶14]  In *Montplaisir* we stated, "Generally, an information is sufficient if it sets forth the offense in the words of the statute." 2015 ND 237, ¶ 9 (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). We did not hold a criminal information always will be sufficient if it describes the offense using words of the statute. We only noted in general that an information may be sufficient by using the statutory language of the offense. While an information may be sufficient by reciting the statutory language, the information also must satisfy the requirements of N.D.R.Crim.P. 7(c)(1) by providing the defendant a "written statement of the essential facts constituting the elements of the offense charged."

[¶15]  The explanatory note to N.D.R.Crim.P. 7 provides:

> "The language employed in subdivision (c) is intended to provide the defendant with the Sixth Amendment protection to 'be informed of the nature and the cause of the accusation . . . .' With this view in mind, subdivision (c) is established for the benefit of the defendant and is intended simply to provide a means by which the defendant can be properly informed of the proceedings without jeopardy to the prosecution."

[¶16]  The explanatory note to N.D.R.Crim.P. 7 states the rule "is an adaptation of Fed.R.Crim.P. 7." "When a state rule is derived from a corresponding federal rule, the federal courts' interpretation of the federal rule may be persuasive authority when interpreting our rule." *Johnson v. Menard, Inc.*, 2021 ND 19, ¶ 10, 955 N.W.2d 27. When discussing indictments under Fed.R.Crim.P. 7, the Eighth Circuit requires a statement of the essential facts and a citation of the statute. *United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976). The statement of facts and statutory citation are "separate requirements and not a restatement of one another." *Id.* "If citation of the statute were a statement of the facts, nothing beyond a citation would be necessary." *Id.*

[¶17]  Here, the State's amended information failed to satisfy N.D.R.Crim.P. 7(c)(1)'s requirement of a "plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged." The amended information said Rodriguez violated N.D.C.C. § 14-09-22.1(1) but provided no statement of essential facts explaining how she violated the statute. The State

4

claims either Rodriguez or the district court should have requested a bill of particulars under N.D.R.Crim.P. 7(f) if the amended information was not specific enough to advise Rodriguez of the charge against her. However, "it is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell v. United States*, 369 U.S. 749, 770 (1962).

[¶18] In the documents filed with the amended information, the State established Rodriguez had more than one child. The amended information is unclear as to whether Rodriguez allegedly neglected one child or all of her children from January 1, 2020 to January 27, 2021. The amended information is not specific enough to allow Rodriguez to defend the charge against her or protect her from a subsequent prosecution for the same offense. The district court did not abuse its discretion in dismissing the amended information against Rodriguez.

### III

[¶19] The parties' remaining arguments are either without merit or are not necessary to our decision. The district court order is affirmed.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte