# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 148

| | |
|---|---|
| The State of North Dakota, | Petitioner |
| v. | |
| The Honorable Gary Lee, District Court Judge,<br>North Central Judicial District; and<br>Desiree Desjardins, | Respondents |

### No. 20250136

| | |
|---|---|
| The State of North Dakota, | Petitioner |
| v. | |
| The Honorable Gary Lee, District Court Judge,<br>North Central Judicial District; and<br>Jennifer Napora, | Respondents |

### No. 20250137

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by McEvers, Justice.

Marina Spahr (argued) and Sarah H. Johnson (on brief), Assistant Attorneys General, Bismarck, ND, for petitioner.

Scott P. Brand, Special Assistant Attorney General, Fargo, ND, for respondent the Honorable Gary Lee.

Erich M. Grant, Minot, ND, for respondent Desiree Desjardins.

Kyle R. Craig, Minot, ND, for respondent Jennifer Napora; submitted on brief.

**McEvers, Justice.**

[¶1]   The State petitions for a supervisory writ reversing District Court Judge Gary Lee's orders denying motions to dismiss criminal charges with prejudice against Jennifer Napora and Desiree Desjardins (together, "Defendants"). We conclude Judge Lee misinterpreted the compromise statutes and abused his discretion in denying dismissal under N.D.R.Crim.P. 48(a). We exercise our supervisory jurisdiction, grant the State's petition for a supervisory writ, and direct Judge Lee to reverse the orders denying the motions to dismiss criminal charges with prejudice against Defendants.

I

[¶2]   In February 2023, the State charged each defendant with four counts of reckless endangerment and two counts of conspiracy to deliver a controlled substance (all felonies). The State alleged that while working as advanced practice registered nurses for a pain management clinic, Defendants violated acceptable standards of care by overprescribing controlled substances, causing a substantial risk of serious bodily injury or death to their patients.

[¶3]   In January 2025, the State moved to dismiss with prejudice the charges against Napora, stating it reached a civil settlement agreement with her resolving the issues presented in the criminal case. After a hearing and the State's filing of a supplemental statement and brief in support of its motion, Judge Lee denied the dismissal motion. The judge concluded N.D.C.C. § 29-01-16 prohibited the State from compromising a felony by civil settlement, and found by clear and convincing evidence that dismissal was against the public interest.

[¶4]   After Judge Lee denied the State's motion to dismiss in the Napora case, the State filed a notice of withdrawal of its motion to dismiss. The notice states the motion to dismiss "is now moot as the Court denied the motion and later the State was required to rescind the civil agreement due to the commencement of a new investigation involving [Napora]." No motion requesting withdrawal or

1

relief was filed by the State, and no order recognizing withdrawal or granting relief was issued by the district court.

[¶5]   In April 2025, the State moved to dismiss with prejudice the charges against Desjardins, stating it reached a civil settlement agreement with her resolving the issues presented in the criminal case. After a hearing, Judge Lee denied the dismissal motion, similarly concluding the State cannot compromise a felony by civil settlement and dismissal was against the public interest.

II

[¶6]   The State petitions for a supervisory writ.

> Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, this Court may examine a district court decision by invoking our supervisory authority. We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists. Our authority to issue a supervisory writ is purely discretionary, and we determine whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case. Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented.

*Sauvageau v. Bailey*, 2022 ND 86, ¶ 7, 973 N.W.2d 207 (quotations omitted). "[T]he fact that the State may be unable to appeal the district court's ruling does not necessarily create extraordinary circumstances justifying supervisory jurisdiction." *State v. Powley*, 2019 ND 51, ¶ 13, 923 N.W.2d 123.

[¶7]   The State argues there is no adequate alternative remedy and "the case concerns issues of statewide importance that are otherwise unreviewable." The State further argues the issues are extraordinary and matters of first impression, and review is necessary "to ensure proper application of the law and preservation of prosecutorial discretion." We agree. The State's right to appeal is governed by N.D.C.C. § 29-28-07, which does not provide the State a right to appeal from an order denying its motion to dismiss criminal charges. While a defendant can appeal a judgment of conviction, the State cannot appeal either a

judgment of acquittal or conviction. The State therefore cannot challenge these orders through an appeal and has no adequate alternative remedy.

[¶8] Judge Lee argues the State has failed to seek alternative remedies, including amending the criminal information or requesting an evidentiary hearing. Neither of these actions, however, would result in an *adequate* alternative remedy for the State. First, the State is not seeking to amend the felony charges to misdemeanors; rather, it wants to dismiss them all with prejudice. The State is not required to circumvent the compromise statutes in order to dismiss charges under N.D.R.Crim.P. 48(a). As explained below, the compromise statutes do not apply in these cases. Second, the State is not seeking to enter evidence into the record, and Judge Lee has not proposed what evidence would need to be entered to allow dismissal. Orders denying dismissal primarily rely on a district court's interpretation of the compromise statutes, and an evidentiary hearing would not aid in that statutory interpretation.

[¶9] Further, the issues presented have little guidance from this Court and involve matters of public importance. We have not previously analyzed whether a district court abuses its discretion by denying the State's motion to dismiss charges under N.D.R.Crim.P. 48(a) when the State does not act in bad faith and the defendant agrees to dismiss, or whether the compromise statutes prohibit the State from seeking dismissal of a felony when a civil agreement is reached. We therefore exercise our supervisory jurisdiction.

III

[¶10] As an initial matter, we must decide what effect, if any, the State's notice of withdrawal of its motion to dismiss in the Napora case has on the district court's order denying the State's motion to dismiss charges against Napora. We conclude the notice has no effect on the court's order. The State did not file a motion requesting withdrawal of its motion or other appropriate relief, and therefore the court did not issue an order. *See* N.D.R.Crim.P. 47; N.D.R.Ct. 3.2(a). A party's notice of withdrawal of a motion after an order ruling on the merits of the motion has no effect on the duly issued order. *See Griffin v. Kelly*, 162 F.R.D. 353, 354 (D. Kan. 1995) ("The motion cannot be withdrawn at this time since it

has already been properly ruled on by the court."); *Bender v. Durrani*, 240 N.E.3d 975, 1002 (Ohio Ct. App. 2024) (noting "there was nothing to withdraw because the motion had already been decided"). No subsequent order superseding the order denying dismissal in the Napora case has been issued by the court. The order denying dismissal is therefore not moot and, having exercised our supervisory jurisdiction, is appropriate for review.

IV

[¶11] The State argues the district court erred in construing N.D.C.C. § 29-01-16 to prohibit the State from dismissing felony charges after reaching a civil agreement with the defendant.

[¶12] Section 29-01-16, N.D.C.C., provides,

> When a defendant is held to answer on a charge constituting a misdemeanor or infraction, for which a person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in section 29-01-17, except:
>
> > 1. If the offense was committed by or upon a judge of any court in this state, or in any city in this state, or a peace officer, while in the execution of the duties of the person's office;
> >
> > 2. If the offense was committed with an intent to commit a felony; or
> >
> > 3. If the offense involves a crime of domestic violence as defined in section 14-07.1-01 or is a violation of section 12.1-20-05, 12.1-20-07, 12.1-20-12.1, or 12.1-20-12.2.

Section 29-01-17, N.D.C.C., states, "If a party injured appears before the court in which a trial for the commission of a public offense is to be had, at any time before the trial, and acknowledges that the party injured has received satisfaction for the injury, the court, on payment of the costs incurred, may order all proceedings to be stayed upon the prosecution and the defendant to be discharged therefrom . . . ." This order bars "another prosecution for the same offense." N.D.C.C. § 29-01-18. "A public offense may not be compromised, nor

4

may any proceeding for the prosecution or punishment of a public offense, upon a compromise, be stayed except as is provided in sections 29-01-16 and 29-01-17." N.D.C.C. § 29-01-19. Read together, unless one of the exceptions applies, when a defendant is charged with a misdemeanor or infraction, and the injured party receives satisfaction for the injury, the district court may terminate the criminal proceedings.

[¶13] "Compromise" as used in the compromise statutes is a term of art. *See* N.D.C.C. § 1-02-02 ("Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained."); N.D.C.C. § 1-02-03 ("Technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law, or as are defined by statute, must be construed according to such peculiar and appropriate meaning or definition."). The compromise statutes are clear which types of agreements the statutes implicate—those between defendants and injured parties—and through omission, those which the statutes do not apply to—agreements between defendants and the State as prosecutor. At no point has the State sought to compromise as used in the statutes, admitting at oral argument that even if the compromise statutes were applicable (which they are not due to the offenses being felonies), some of the alleged victims are not receptive to compromise. Nowhere in the compromise statutes does it state that felony offenses cannot be dismissed; the statutes speak only in terms of what may be compromised: misdemeanors or infractions where the injured party has received satisfaction for the injury. The Legislature specifically omitted felonies as offenses that may be "compromised" between the injured party and the defendant.

[¶14] In 2021, the Legislature removed the State's participation in the compromise process. This is made clear from the removal of the language "with the consent of the state" from N.D.C.C. § 29-01-19. 2021 N.D. Sess. Laws ch. 251, § 1. The 2021 amendment restores the statute to its original meaning—providing the defendant a means to compromise a qualified offense upon satisfaction of the injured party without the State participating in the compromise process. *See* 1877 Revised Codes of the Territory of Dakota, C. Crim. P. § 527; *cf. State v. Bear*, 2015

5

ND 36, ¶¶ 10-11, 859 N.W.2d 595 (noting the 2003-2021 version of N.D.C.C. § 29-01-19 required the consent of the state to compromise an offense).

[¶15] Judge Lee concluded that N.D.C.C. § 29-01-16 prohibited the State from compromising a felony by civil settlement. Section 29-01-16, however, applies "[w]hen a defendant is held to answer on a charge constituting a misdemeanor or infraction." "In construing a statute, we must presume the legislature said all that it intended to say," and we "will not add words or additional meaning to a statute." *Larsen v. N.D. Dep't of Transp.*, 2005 ND 51, ¶ 11, 693 N.W.2d 39. By its plain language, the compromise statutes apply only to misdemeanors or infractions. Judge Lee read into the statute that felonies cannot be "compromised" (or dismissed) when a civil settlement is reached. We acknowledge that an agreement to compromise between the defendant and the injured party is not authorized under the statute if the offense is a felony. However, the actions taken in these cases show the State was not utilizing the compromise statutes. As Judge Lee recognized, the injured parties (patients) did not appear before the district court acknowledging they received satisfaction for their injuries. Here, the State made agreements with the Defendants in lieu of criminal prosecution. The State therefore sought dismissal of the felony charges, not "compromise," which requires agreement of the injured party.

[¶16] As discussed below, a district court has limited discretion in rejecting dismissal, but the compromise statutes do not create an absolute bar to the State terminating prosecution of the offenses. Compromise between a defendant and injured party is one way in which a prosecution may be terminated; voluntary dismissal by the prosecuting attorney under N.D.R.Crim.P. 48(a) is another way. While the court has discretion in both instances, the compromise statutes do not prevent the State from moving for dismissal under N.D.R.Crim.P. 48(a). We therefore conclude the compromise statutes do not apply in these cases and turn to N.D.R.Crim.P. 48(a).

V

[¶17] The State argues Judge Lee abused his discretion in denying the dismissal motions under N.D.R.Crim.P. 48(a). Rule 48(a) states,

6

The prosecuting attorney may not dismiss an indictment, information or complaint except on motion and with the *court's approval*. A motion to dismiss must be supported by a written statement concisely stating the reasons for the motion. The statement must be filed with the clerk and be open to public inspection. The prosecuting attorney may not dismiss a criminal case during trial without the defendant's consent.

(Emphasis added.) The explanatory note of Rule 48 states that the court approval requirement "is designed to prevent harassment of a defendant by charging, dismissing and recharging without placing a defendant in jeopardy."

[¶18]  In *State ex rel. Koppy v. Graff*, 484 N.W.2d 855, 858 (N.D. 1992), we explained the roles of the prosecutor and district court in exercising their respective discretion:

> Generally, the prosecuting attorney is considered to be in the best position to evaluate the charges and the evidence to determine if prosecution should continue. The prosecution is entitled to a presumption of good faith when requesting a dismissal. However, that decision is not absolute and is subject to review by the trial court under Rule 48(a).

> Rule 48(a) has been viewed as a way to check the absolute power of the executive. Although the prosecutor has discretion in this area, the trial court should not merely serve as a "rubber stamp" for the prosecutor's decision. The trial court has an important function to protect the public interest and prevent harassment of the defendant. The prosecutor should be denied a dismissal, if the trial court is satisfied that the prosecutor is acting in bad faith, contrary to public interest, or intentionally harassing the defendant. This determination should be made by clear and convincing evidence.

(Citations omitted.)

[¶19] Judge Lee concluded that the State was not acting in bad faith or attempting to intentionally harass Defendants. Rather, the judge concluded the State was not acting in the public interest in seeking dismissal. In Napora's case, the judge concluded the State was not acting in the public interest because civil

settlement is contrary to the compromise statutes and the State "turn[ed] a blind eye to the grave threat posed to public safety," including "[t]he damages and destruction caused by drug addiction." In Desjardins's case, Judge Lee provided only the former reason, concluding dismissal was against public interest because civil settlement is contrary to the compromise statutes. Because the compromise statutes do not apply in these cases, we conclude Judge Lee abused his discretion in denying dismissal in Desjardins's case.

[¶20] In Napora's case, we must determine whether Judge Lee abused his discretion in denying dismissal under his secondary reasoning that dismissal is contrary to the public interest because it undermines the public interest of combating drug addiction and the overprescribing of opioids. We have not previously analyzed whether a district court abuses its discretion by denying the State's unopposed motion to dismiss charges under N.D.R.Crim.P. 48(a) when the State does not act in bad faith. The United States Supreme Court has reserved ruling on the issue with respect to the federal rule. *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995). In identifying a "public interest" exception to dismissal in *Graff*, we cited *United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973), and *People v. Lichtenstein*, 630 P.2d 70 (Colo. 1981). *Graff*, 484 N.W.2d at 858. The cases cited make clear that "the termination of pending prosecutions should not be disturbed judicially unless clearly contrary to manifest public interest," *Lichtenstein*, at 73 (citing *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975)), and "[t]he District Court cannot disapprove of (the prosecuting attorney's) action on the ground of incompatibility with prosecutive responsibility unless the judge is in effect ruling that the prosecutor has abused his discretion," *Lichtenstein*, at 73 (quoting *Ammidown*, at 622).

[¶21] As we noted in *Graff*, "Although the phrasing is different, both the North Dakota and the federal rule require some court action before allowing a dismissal by the prosecution. Federal cases interpreting Rule 48 provide us with a background and helpful framework for the application of this rule." 484 N.W.2d at 858; *see also* N.D.R.Crim.P. 48, Explanatory Note ("Rule 48 is adapted from the federal rule."); *State v. Rodriguez*, 2022 ND 102, ¶ 16, 974 N.W.2d 368 ("When a state rule is derived from a corresponding federal rule, the federal courts'

8

interpretation of the federal rule may be persuasive authority when interpreting our rule."). "For a dismissal to be 'clearly contrary to manifest public interest,' the prosecutor must have had an illegitimate motive rising to the level of bad faith." *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022); *see also United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("The presumption that the prosecutor is the best judge of the public interest is rebutted when the motion to dismiss contravenes the public interest because it is not made in good faith."); *In re United States*, 345 F.3d 450, 453 (7th Cir. 2003) (collecting cases). Examples of bad faith "include the 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled.' *Smith*, 55 F.3d at 159. Anything less is not enough." *Bernard*, at 909; *see also In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000) (noting prosecutor's "desire to attend a social event rather than trial" would constitute bad faith in seeking dismissal).

[¶22] The State and Defendants argue the "public interest" exception is effectively the "bad faith" exception, focusing on the prosecutor's motives, not merely whether dismissal would be contrary to a larger societal concern such as combating drug addiction or the overprescribing of opioids. Judge Lee has not cited a single appellate court decision that has upheld the denial of an unopposed motion to dismiss when the prosecutor acts in good faith. *See In re United States*, 345 F.3d at 453 ("We are unaware, however, of any appellate decision that actually upholds a denial of a motion to dismiss a charge on such a basis.").

[¶23] We need not determine how narrow the public interest exception is or whether it always requires bad faith. We conclude the public interest exception does not allow a district court to deny dismissal because it has the potential to undermine some broader societal concern. Nearly every motion to dismiss with prejudice would be subject to this criticism because granting the motion would prevent the defendant from facing criminal proceedings on the conduct alleged in the charging document, which may always be viewed as a harm to the larger societal concern that a defendant be subjected to criminal proceedings.

[¶24] In its supplemental statement supporting dismissal of Napora's charges, the State noted the challenges to prosecution including "mixed sentiments" from the victims, and the alternative resolution achieved through civil settlement including "professional sanctions" against Napora. In his order denying dismissal, Judge Lee concluded "[t]he public interest is better promoted by allowing the criminal process to move forward, and not to simply dismiss these serious felony charges against Jennifer Napora for purposes of the State's convenience." There is no indication in the record that the State is seeking dismissal for reason of convenience. Indeed, Judge Lee concluded the State was not acting in bad faith. Rather, Judge Lee appears to take issue with the consequences or penalties for Napora's alleged conduct. In *Bernard*, the Eighth Circuit Court of Appeals rejected a similar argument:

> Here, the district court merely "disagreed with the prosecutor's assessment of what penalty the defendant[ ] ought to face." [*United States v.*] *Jacobo-Zavala*, 241 F.3d [1009, 1014 (8th Cir. 2001)]. Rather than addressing whether the prosecutor acted in bad faith, the court just listed the reasons it thought Bernard was getting off too easy: she was "very dangerous" and "by far the most culpable"; [the victim] suffered life-threatening injuries; and a "conviction for robbery alone strip[ped] the [c]ourt of any ability to sentence [her] to a just punishment." These may be important factors to consider at sentencing, but they are not reasons to interfere with the government's charging decisions, no matter how much the court may disagree with them.

42 F.4th at 909.

[¶25] "[C]ourts have generally viewed their role in granting leave to dismiss under 48(a) to be a limited one, because '[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made or whether to dismiss a proceeding once brought.'" *In re Richards*, 213 F.3d at 786 (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967)); *see also Gonzalez*, 58 F.3d at 463 (noting "[t]he determination of the public interest in the first instance is for the prosecutor to make" and "[w]e are not in a position to second-guess his determination"); *Cowan*, 524 F.2d at 513 ("The Executive

remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated.").

[¶26] We conclude Judge Lee improperly substituted his judgment for that of the prosecutor in determining whether to maintain this prosecution against Napora. Judge Lee determined criminal penalties were more appropriate than the professional sanctions achieved through civil settlement. Because the State was acting in good faith and there has been no indication it has abdicated its prosecutorial duties, we conclude Judge Lee abused his discretion in denying the State's motion to dismiss in the Napora case.

## VI

[¶27] The parties' remaining arguments are either unnecessary for our decision or are without merit. We conclude Judge Lee misinterpreted the compromise statutes and abused his discretion in denying dismissal under N.D.R.Crim.P. 48(a). We exercise our supervisory jurisdiction, grant the State's petition for a supervisory writ, and direct Judge Lee to reverse the orders denying the motions to dismiss criminal charges with prejudice against Defendants.

[¶28] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr